EDWIN HOWE *vs.* STEPHEN SALISBURY.

Worcester. Oct. 5. — Nov. 23, 1887. C. ALLEN & KNOWLTON, JJ.,
absent.

While a bill in equity, brought by a mill-owner on a natural stream against the owner of a reservoir higher up on the same stream to restrain the defendant from preventing the flow of the water to the plaintiff's mill, and for damages, was pending, the defendant wished a hearing on the question of granting a preliminary injunction postponed, and the plaintiff agreed to this, on the defendant's promise that sufficient water should be allowed to flow to the plaintiff's mill in the mean time. *Held,* that the plaintiff could not maintain an action at law against the defendant for breach of this agreement.

CONTRACT. Writ dated October 5, 1885. The declaration alleged that, in consideration of the plaintiff having a certain suit in equity, then pending between him and the defendant, continued *nisi* for an indefinite time, the defendant, who was then in possession of a certain reservoir, on August 21, 1885, agreed to open the gates thereof sufficiently to allow enough water to flow therefrom to the plaintiff's mill, on the stream below, to run said mill, until the defendant, who was about to go away, should return and have the suit taken up. The declaration also alleged performance on the part of the plaintiff, and a breach on the part of the defendant.

Trial in the Superior Court, before *Staples,* J., who reported the case for the determination of this court, in substance as follows:

The plaintiff is the owner of a mill and of a water privilege about one mile below the reservoir hereinafter mentioned, said mill and reservoir being on the same natural stream. On August 18, 1885, the plaintiff brought a suit in equity in the Superior Court against the defendant, in his individual capacity and as executor of the will of Stephen Salisbury, deceased, praying among other things for an injunction to restrain him from holding back from the mill the natural flow of water of the stream, by means of a certain reservoir situate upon land of which Salisbury was then in possession as mortgagee for the purpose of foreclosure, and for damages for so doing. On August 19, 1885, notice to show cause and of a hearing upon the

application hereinafter named issued to the defendant, upon application for a preliminary injunction to restrain the defendant as aforesaid, returnable on August 24, 1885. At the November sitting, 1885, of said court, an answer to the bill was filed by consent. At the December sitting, 1885, the replication and a request for issues to be framed to the jury were filed. Afterwards at said December sitting it was agreed that a master should be appointed, and trial by jury of issues was waived, and on May 5, 1886, a decree was filed appointing a master. The order or notice returnable on August 24 was served on the defendant on August 20, 1885.

The plaintiff's evidence tended to show that the defendant, on August 21, 1885, stating that he wished to go away, and would be unable to attend the hearing, agreed, in consideration of the plaintiff allowing the suit to be continued until his return, to allow sufficient water to run to the plaintiff's mill from the reservoir, until the defendant could return and have the suit in equity heard; that the case was continued; that, for a week after August 21, 1885, water was allowed to flow from the defendant's reservoir to the plaintiff's mill, and after that such flow was stopped; and that the plaintiff suffered damages in consequence thereof.

At the request of the defendant, the judge ruled that the agreement relied on, if made, was connected with the equity suit and an incident thereof, and that the same could only be enforced and damages awarded for breach thereof in the equity suit; and ordered a nonsuit to be entered.

If the order was right, the nonsuit was to stand; otherwise, the case to stand for trial.

*C. F. Stevens*, for the plaintiff.

*F. A. Gaskill*, for the defendant.

W. ALLEN, J. The agreement declared on was an agreement in the suit in equity between the parties. The plaintiff sought in that suit to have the defendant enjoined against holding water in his reservoir so that it would not flow to the plaintiff's mill below, and also sought for damages for such detention of the water. The agreement related to proceedings in the former branch of the case. The plaintiff had made a motion for an interlocutory injunction, and a day had been assigned for a hearing

upon the motion. The defendant desired a postponement of the hearing. The plaintiff contends that there were mutual promises; that the plaintiff promised that the hearing should be postponed, and the defendant promised that he would let down water from his reservoir to run the plaintiff's mill. But whatever the agreement may have been, it related only to the proceedings in the suit and to the motion for an injunction, and the remedies of the parties for a breach of it must be sought in the suit. The agreement was intended to be an arrangement in regard to proceedings in the suit, and not to be the ground of an action at law. The plaintiff was seeking damages, and could recover in his suit for all he might sustain by the wrongful withholding of the water by the defendant, and it was clearly not within the scope and purpose of the agreement to provide for a separate action at law for a part of such damages, or to make the defendant liable for them, without regard to whether the detention was wrongful or of right.      *Nonsuit to stand.*