THOMAS B. KNIGHT *vs.* MICHAEL HURLEY.

Essex. December 9, 1891. — February 23, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Superior Court — Interlocutory Order for Term Fees — Action of Contract.*

An action of contract cannot be maintained upon an order of the Superior Court requiring the defendant to pay term fees as a condition of filing an answer in an action at law.

CONTRACT to recover double term fees imposed by the Superior Court upon the defendant as terms for filing answers and demurrers in four actions at law pending against him. A demurrer to the declaration was sustained; and the plaintiff appealed to this court. The facts appear in the opinion.

*C. Lamson*, for the plaintiff.

*H. P. Moulton*, for the defendant.

LATHROP, J. The declaration in this case alleges that on June 8, 1882, the defendant obtained leave of court to file answers and demurrers in four actions at law pending against him in the Superior Court, "on condition reserved as to terms"; and that on June 15, 1882, the court imposed as terms for filing said answers and demurrers double term fees in each case. The declaration further alleges a demand on the defendant, and a refusal to pay, and that the defendant owes the plaintiff the sum of forty dollars, with interest thereon. It is clear that the action cannot be maintained. The order in each case was an interlocutory order, which the court could enforce by proper proceedings in that case. Pub. Sts. c. 153, § 3. It can-

not be enforced by an independent action. *Emerson* v. *Lashley*, 2 H. Bl. 248. *Fry* v. *Malcolm*, 4 Taunt. 705. *Carpenter* v. *Thornton*, 3 B. & Ald. 52, 56. *Patrick* v. *Shedden*, 2 El. & Bl. 14. *Hutchinson* v. *Gillespie*, 11 Exch. 798. *Sheehy* v. *Professional Life Assurance Co.* 2 C. B. (N. S.) 211, 256. See also *Howe* v. *Salisbury*, 145 Mass. 279.

The Superior Court therefore rightly sustained the demurrer, and gave judgment for the defendant.        *Judgment affirmed.*