ELLIOT HARRIS *v.* PERRY W. ELDRED.

*Trover.    Costs.*

The plaintiff's oxen were stolen and taken to the defendant, and being found in his possession in the state of New York, were demanded and refused. The plaintiff then resorted to legal process to regain possession, and succeeded, but incurred expense therein. *Held,* that he is not entitled to recover such expense, as part of his damages for the conversion, in a subsequent action.

TROVER for a pair of oxen, with an allegation of special damage. Plea, the general issue. Trial by jury, September term, 1868, BARRETT, J., presiding.

Upon the trial the plaintiff introduced testimony tending to show that in the fore part of September, 1866, the oxen in question were stolen from his pasture in Dover, and were driven by the thieves to the defendant's hotel in Hoosic, in the state of New York; that the thieves let the defendant have the cattle, and that he put them on his farm a few miles from his hotel, and in Hoosic; that in a few days the plaintiff missed his oxen and traced them into the defendant's possession and found them upon the farm, and demanded them of the defendant; that the defendant declined to deliver the oxen to the plaintiff, pretending that he was not satisfied that the plaintiff was the owner; that the plaintiff then, being ignorant of the laws of New York, applied to a justice of the peace of the state of New York for advice as to how to proceed to get his oxen; that he was advised to get out a search-warrant and have the cattle taken on it, and acting upon that advice—and in good faith, taking such means as he was advised and believed were necessary to obtain his property—he applied to another justice of the state of New York, who, on his application, issued a search-warrant to an officer, commanding him to search for the cattle, and to bring them before the justice, and that the officer did take the oxen and take them before the justice, and that the defendant appeared before the justice, and a hearing was had and the oxen awarded to the plaintiff and delivered to him.

The plaintiff then offered to show what he paid for counsel fees,

for justice's fees and for officer's fees in the proceedings in getting out the search-warrant, and its service, and the disposition of the oxen thereupon, and the expenses of the plaintiff in staying at Hoosic to attend upon these proceedings. To this evidence the defendant objected, but the court overruled the objection and admitted the evidence, to which the defendant excepted.

The defendant requested the court to instruct the jury that although the plaintiff should be found to be entitled to recover for the refusal to deliver the oxen when demanded, that he would not be entitled to recover for the money paid for the fees of counsel, of the justice, or of the constable, about the proceedings in regard to the search-warrant, or the expense he was put to in staying to attend upon the proceedings; but the court declined so to instruct the jury, and instructed them that if they found that the plaintiff was entitled to recover for a conversion of the oxen upon the refusal of the defendant, without proper justification, to deliver the oxen upon the demand of the plaintiff, and on account of the course the defendant took in respect thereto, the plaintiff was delayed and thus put to expense, and the plaintiff, in the exercise of proper discretion, resorted to the justice and the said proceedings to get possession of his oxen, the plaintiff was entitled to recover the reasonable expense of such delay and such proceedings. To the refusal to charge as requested, and to the charge detailed, the defendant excepted.

*Hoyt H. Wheeler*, for the defendant.

The plaintiff, having invoked the aid of proceedings under the laws of New York to recover his cattle, was entitled to such costs for the proceedings as the laws of New York would give him to be taxed in the proceedings as a part of his recovery, and he would be entitled to no more. His rights are no greater in this respect than they would have been if he had brought replevin in New York or in Vermont to recover his cattle, and had incurred similar expenses about the suit.

Expenses, of the nature of those which the court below submitted to the jury as a ground of recovery, would not be recoverable in any case, unless it might be in an action for malicious prose-

cution; or in some cases in favor of a surety or against a warrantor. But there were no peculiar relations between these parties; they were simply adversaries in the proceeding, and each incurred such expenses as he thought necessary to maintain his claim, and each should stand upon the same footing as to such expenses that the other stands upon. *Guild* v. *Guild*, 2 Met., 229; *R. & W. R. R. Co.* v. *Bank, etc.*, 32 Vt., 639; *Park* v. *McDaniels*, 37 Vt., 594.

*Charles N. Davenport*, for the plaintiff.

The measure of damages in the action of trover is generally the value of the property at the time of the conversion. There are, however, exceptions to the general rule, as clearly defined as the rule itself. On the one hand the damages are often mitigated below the value—as where the property is returned uninjured, or where the action is brought by one having a special property against the general owner. So the damages are sometimes enhanced, like the case of a conversion of family portraits, heir-looms, etc., by reason of *pretium affectionis*. So in Vermont it would seem to be well settled that special damages, which are the natural and proximate consequence of the wrongful conversion, may be recovered, if alleged in the declaration and proved on trial. Bennett's Justice, 126, *et seq.; Hart* v. *Skinner*, 16 Vt., 138; *R. & W. R. R. Co.* v. *Mid. Bank*, 32 Vt., 639; *Park* v. *McDaniels*, 37 Vt., 594.

There is some conflict of authority on this subject, but the rule in England is clearly like that in this state. 6 Bac. Ab., 484, 708; *Fisher* v. *Prince*, 3 Burrows, 1363; *Davis* v. *Oswell*, 5 Carr & P., 804; *Bodley* v. *Reynolds*, 8 Q. B., 779; *Moon* v. *Raphael*, 2 Bing. N. C., 310.

The opinion of the court was delivered by

STEELE, J. The plaintiff in this action of trover seeks to recover, as part of his damages for the conversion, the expenses of a legal proceeding he took out in New York, for the recovery of the property converted. By means of this process he succeeded in obtaining the property. He was at liberty to pursue the party for the value of the property without attempting farther to re-

gain the possession of it after it had been refused. Instead of this he resorted, first, to process of law to obtain his oxen, and now resorts to another process of law in part to recover the expenses of the first. Whether he is entitled to costs in the first proceeding must depend upon the laws which govern that proceeding. It does not alter the case that the proceeding was in another state. If he chose to have recourse to a process in which the law allowed him no costs, he cannot indirectly recover what the law refuses by now resorting to a supplementary proceeding. Just what the nature of that proceeding was does not appear, nor is it material. It was either civil or criminal. If civil, his right to costs must depend on the law which governs the process, and if it was criminal process which he made instrumental to serve his purposes, it is still more clear that the defendant is only liable for costs on account of it to the state, unless there is some special statute to the contrary ; and if there was such a statute, it would not have been necessary to make the claim in this suit. There was no contract relation between the parties, by which there was an express or implied promise of indemnity, such as exists in those cases in which a party recovers his expenses for advice of counsel and delay and trouble in prosecuting some suit at law. The claim of the plaintiff is no more equitable than would be a similar claim to recover his actual disbursements in *this* suit now before us, occasioned, as it was, by the wrongful conversion of the defendant. He can recover for no counsel fees or other disbursements about his suit, unless he recovers them in the suit itself as taxable costs.

Judgment reversed and cause remanded. The plaintiff electing to take a judgment for nominal damages and costs, such a judgment was rendered, instead of remanding the cause for a new trial.