OLIVER W. MARVIN, Appellant, *v.* AUGUSTUS PRENTICE, Respondent.

Where premises have been conveyed absolutely to secure a loan, and because of a refusal on the part of the lender to reconvey on tender of the amount due, the borrower brings an action to compel a reconveyance, he cannot, after judgment in his favor in such an action, maintain another action to recover, as damages, the amount of a depreciation in the value of the property pending the litigation, or his costs and expenses in the equity suit ; conceding an action to recover damages may be maintained, as to which *quære*, these are not proper items of damages.

As to whether the judgment in the equity suit would be a bar to an action for damages, *quære*.

(Argued November 23, 1883 ; decided January 15, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 15, 1881, which affirmed a judgment entered upon an order of Special Term setting aside a verdict for plaintiff and directing judgment for defendants.

The plaintiff, in his complaint in this action, claims to recover damages by reason of the failure of the defendant to reconvey to him certain real estate, which he, the plaintiff, had previously conveyed to one Jeremiah Harris at the request of the defendant. It is alleged that the conveyance, by the plaintiff to Harris, was made for the purpose of obtaining a loan of $2,000 from the defendant; that the plaintiff was to give the defendant a warranty deed of said lot of land for the nominal consideration of $6,500, and the defendant to advance $2,000 on account thereof, the same to be secured by bond and mortgage on said lot, the bond to be guaranteed to the satisfaction of the defendant, and for the remaining $4,500 the defendant was to give to the plaintiff a bond and mortgage payable after his title to said lot, which was in dispute, had been perfected, it being understood that the deed was to be held merely as security, and the property reconveyed to plaintiff upon the payment of such sums as might be loaned or advanced, together with such further sum, beyond legal interest, as might be agreed upon; that the bond and mortgage were executed accordingly, with the proper guaranty, the money advanced, and a deed of the lot executed by plaintiff to Jeremiah Harris, the appointee of the defendant, but whom plaintiff never knew personally, and a bond and mortgage executed by Harris and wife to the plaintiff for $4,500, which were never delivered to him, but were delivered to and retained by the defendant, and on the next day Harris and wife conveyed the premises to the wife of the defendant for the nominal consideration of $7,000; that on plaintiff's title to the lot being settled, he applied to the defendant for a reconveyance of the same, in accordance with the understanding in regard thereto, whereupon the defendant demanded the sum of $8,500; that not long thereafter defendant advanced the further sum of about $2,000 on account of the said bond and mortgage for $4,500; that in October, 1871, plaintiff applied to the defendant to redeem the said lot, and the defendant refused to carry out the agreement, stating that the lot was worth $12,000, and that he would do nothing but pay the balance of the $4,500

bond and mortgage, deducting therefrom a small sum for taxes, assessments, etc., which balance plaintiff, on or about the 12th of January, 1872, accepted under protest, and with notice to the defendant that he did not intend thereby to waive any of his legal rights in the premises; that at various times during the months of January and February, 1872, plaintiff offered to pay defendant the sum of $8,500 for a reconveyance of said lot, but the defendant always refused to reconvey. The complaint also alleges that in March, 1872, the plaintiff commenced an equity action in the Supreme Court of this State, against the defendant and others, to have the said conveyance made by the plaintiff to the said Harris declared to have been given as security for a usurious loan, and that it be surrendered and canceled, etc.; that the said action was defended and tried, and on or about the 15th day of June, 1876, a decree was duly entered declaring the transaction to be a loan and not a sale and void for usury, and setting aside the said conveyance and directing the same to be canceled of record; that upon appeal to the General Term the judgment was affirmed, so far as it declared the transaction to be a loan and not a sale, and reversed so far as it was declared to be usurious, and directed that, on the repayment to said defendant of the sum of $6,500, with interest thereon, on or before the 1st day of April, 1878, the defendant and his wife should reconvey said premises to the plaintiff, etc. The complaint also contained allegations as to the value of the premises, and averred that, by reason of the refusals of the defendant to accept plaintiff's offers of $8,500 for a reconveyance, he was compelled to commence the action in equity referred to, and was put to large expense and disbursements thereby. That by reason of the depreciation in the value of property, the premises were not, at the time of the entry of the decree by the General Term, and are not now, worth more than about $5,000, while the said decree required the payment of about $9,500 in order to redeem the premises. The answer of the defendant sets up several defenses, and among others, that in the equity action the plaintiff sought to have the conveyance set aside for

usury, and an alternative judgment for damages; that the plaintiff had never availed himself of the permission to redeem, and that neither party was at liberty to aver or prove a state of facts other than the one established by the judgment of the court in the equity action. Also, that the cause of action set forth in the complaint had been adjudicated and decided in the equity action. Further facts appear in the opinion.

*Henry C. Wilcox* for appellant. This action was not barred by the judgment in the former action. (*Castle* v. *Noyes*, 14 N. Y. 329; *Casler* v. *Shipman*, 35 id. 533; *McKnight* v. *Dunlap*, 4 Barb. 36; *Gregory* v. *Burrill*, 2 Edm. Ch. 416; *Dalton* v. *Smith*, 86 N. Y. 176; *Perry* v. *Dickinson*, 85 id. 345, 347, 349, 352; *Palmer* v. *Hussey*, 87 id. 303; *Smith* v. *Smith*, 79 id. 634; *Stowell* v. *Chamberlain*, 60 id. 272.) The present action is to recover damages sustained by the wrongful acts of the defendant, suffered mainly in the depreciation of the value of the real estate, which plaintiff claimed to own, and in order to prove that the property was actually owned by plaintiff, it was necessary to establish that the deed from Marvin to Harris was simply a mortgage, and that could only be done in equity. (*Horn* v. *Ketteltas*, 46 N. Y. 610.) It was necessary for plaintiff to establish his title to the property before he could maintain any action for damages. (*Hughes* v. *Vermont Copper Co.*, 72 N. Y. 207; *Bradley* v. *Aldrich*, 40 id. 504; *Arnold* v. *Angell*, 62 id. 508; *Worrall* v. *Munn*, 38 id. 137; *Sanger* v. *Wood*, 2 Johns. Ch. 421.) As no objection was made to the proof of the amendment to the complaint, and as such amended complaint was left out of the judgment-roll on the former action by mistake, and as subsequently defendant himself put in evidence the roll on Judge VAN BRUNT's decision, which contained the complaint as amended, plaintiff was at liberty to show that there was an amendment of the complaint. In any event oral testimony would be competent under the circumstances. (*Smith* v. *Smith*, 79 N. Y. 634.) The cause of action now before the court could not have been joined in the former action with the cause of action then set forth. (Code

of Proc., § 167; *Gardiner* v. *Ogden*, 32 N. Y. 327, 340.)
Even if Marvin did make an assignment to Willcox of his claim
against Prentice, after commencing his suit, the action was
properly continued in his name. (1 E. D. Smith, 427; 1 Bosw.
569.) The receiver of all plaintiff's property appointed in sup-
plementary proceedings was not a necessary party to this action.
(*Glenville Woolen Co.* v. *Ripley*, 43 N. Y. 206.) The courts
will not leave an owner remediless under the circumstances
proved. (*Meehan* v. *Forrester*, 52 N. Y. 277; *Enos* v. *Souther-
land*, 11 Mich. 538; Jones on Mortgages, § 341.)

*A. J. Vanderpoel* for respondent. Under the state of facts
established by the judgment in the equity action, if the defend-
ant Prentice refused to reconvey to the plaintiff the property
in question, the plaintiff had his choice of two remedies: To
compel a reconveyance of the land from Prentice or his wife,
or to claim compensation from Prentice for a refusal to recon-
vey. (Jones on Mortgages, §§ 341, 342; *Gardner* v. *Ogden*,
22 N. Y. 327, 331; *Meehan* v. *Forrester*, 52 id. 277; *Roder-
mund* v. *Clark*, 46 id. 354, 357; *Kennedy* v. *Thorp*, 51 id.
174; *Steinbach* v. *Relief Ins. Co.*, 77 id. 498; *Fields* v. *Bland*,
81 id. 239; Bigelow on Estoppel [3d ed.], 562.) Where a party
has two or more remedies for the same wrong, in which the
measure of damages might be different, electing one and pur-
suing it to judgment is a bar to any other. (*Walsh* v. *Canal
Co.*, 59 Md. 423; *Beall* v. *Peane*, 12 id. 566; *Ware* v. *Per-
cival*, 61 Me. 391; *Bunker* v. *Tuffts*, 57 id. 417; *Sweet* v.
*Brackley*, 53 id. 346; *Holbrook* v. *Foss*, 27 id. 441; *Goodrich*
v. *Yale*, 97 Mass. 15; *Bennett* v. *Hood*, 1 Allen, 47; *Smith* v.
*Way*, 9 id. 472; *Warren* v. *Cummings*, 6 Cush. 103; *Norton*
v. *Doherty*, 3 Gray, 372; *Thompson* v. *Howard*, 31 Mich. 309;
*Nield* v. *Burton*, 49 id. 53; *Bolles* v. *Duff*, 43 id. 469.) The
claim of the plaintiff is *res adjudicata*. (*Jackson* v. *Crafts*,
18 Johns. 110; *Kortright* v. *Cady*, 21 N. Y. 243.) The judg-
ment of a court of competent jurisdiction upon a question
directly involved in the suit is conclusive in a second suit
between the same parties depending on the same question,

although the subject-matter of the second action be different. (*Doty* v. *Brown*, 4 N. Y. 71; *Steinbach* v. *Relief Ins. Co.*, 77 id. 498, 501; *Jordan* v. *Van Epps*, 85 id. 436; *Embury* v. *Conner*, 3 id. 511, 522; *Tuska* v. *O'Brien*, 68 id. 446, 449; *Castle* v. *Noyes*, 14 id. 329; *Smith* v. *Smith*, 79 id. 634; *Tompkins* v. *Hyatt*, 28 id. 347.) It cannot be pretended here but that the equity court could have granted the plaintiff compensation by giving him a judgment for damages, had it seen fit so to do, and indeed ought to have done so if a reconveyance had not been decreed. (*Gardner* v. *Ogden*, 22 N. Y. 327, 351; *Barlow* v. *Scott*, 24 id. 40; *Bidwell* v. *Astor Mut. Ins. Co.*, 16 id. 263, 267.) The claim that plaintiff amended his complaint in the equity action by striking out the claim for damages will not avail him. (49 N. Y. 626, 631; *McKnight* v. *Dunlop*, 4 Bart. 36; *Gregory* v. *Burrall*, 2 Edw. Ch. 416; *Casler* v. *Shipman*, 35 N. Y. 533, 545; *Perry* v. *Lewis*, 49 Miss. 443.) This action is within the statute of frauds and void. (*Boyd* v. *Stone*, 11 Mass. 342; *Dung* v. *Parker*, 52 N. Y. 494; *Levy* v. *Brush*, 4 id. 589; *Wheeler* v. *Reynolds*, 66 id. 227; *Cagger* v. *Lansing*, 43 id. 550; *Wright* v. *Weeks*, 25 id. 153.) A court of equity has the exclusive right to determine costs in a suit before it, and that an action at law cannot be maintained to recover expenses incurred in defending even a vexatious suit. (*Leonard* v. *Freeman*, Col. & C. Cases, 491; Old Code, § 306; 3 Wait's Pr. 471.) Costs are merely an incident to the subject-matter. (*Bendit* v. *Annesley*, 42 Barb. 192.) It would have been competent for the defendant to have offered the record in the former suit in evidence, even if the plaintiff had not offered a part thereof. (*Krekeler* v. *Ritter*, 62 N. Y. 372.)

MILLER, J. The principal question, upon which this case seems to have been determined, was whether the present action was barred by the judgment in the equity action which was set forth in the complaint. An examination of this subject is rendered unnecessary, as our determination of another question

disposes of the case.    That question is as to plaintiff's claim for damages, for even if it may be assumed that, in a proper case, an action might be maintained to recover damages, caused by reason of the fraudulent and wrongful acts and conduct of a party in obtaining a conveyance of lands from another, it is difficult to see what legitimate damages were shown upon the trial which entitled the plaintiff to a judgment.    The damages which were assessed by the jury, and which were included in the verdict directed by the court, consisted of the difference between the amount of the loans and the interest thereon from the time of making the same, and the time when the defendant refused to reconvey, and the market value of the lot at the latter time, and the counsel fees incurred by the plaintiff in the equity suit brought by him against the defendant and others. Plaintiff was thus allowed to recover, as damages, for the depreciation of the real estate.    Neither of the items mentioned was the necessary and legitimate result of the wrongful acts of the defendant, and the plaintiff was not entitled to recover for the same, as damages, in this action.  .  He might have brought an action of ejectment to recover the land after tendering the amount due on the mortgage, and, as parol evidence is admissible to prove that an instrument, absolute on its face, was intended as a mortgage, if this was established the plaintiff would have been entitled to recover, and the damages would have been the value of the use of the premises and not the depreciation of the land.    He might also have recovered for waste or trespass, but there is no principle upon which depreciation of the value of land constitutes an item of damages in such a case.

The same rule is applicable to the case now considered, and no authority is cited which sustains a recovery for depreciation under circumstances like those which are here presented.    It is difficult to see upon what ground any such rule can be upheld. If the plaintiff had held the property when it was at its highest value, it is by no means certain that he would or could have sold the same.    If he had not sold it at the time of its highest value the depreciation could not have injured him, and he would not have sustained any loss by reason thereof.    To up-

hold the rule of damages which prevailed in this case we must assume that, if the plaintiff had held the property at the time when it was of greatest value, he would have had an opportunity to sell, and would have sold the same at the highest price. This is not the legitimate inference to be derived from the facts presented, and the assessment of damages in this case arising from a depreciation of the value of the land was clearly unauthorized and erroneous.

In regard to the costs or counsel fees, if the action had been in ejectment to recover the land, all the costs the plaintiff would be entitled to would be the costs of the action, and no reason is shown why the same rule should not apply in this case. Costs usually are but an incident of the litigation, and to be disposed of therein, and not generally recoverable as damages in another action.

Without passing distinctly upon the question as to whether such an action as is here presented could be maintained where actual damages are shown, it is very clear that the damages claimed and allowed were unauthorized and without precedent.

It follows that the order of the judge setting aside the verdict at the Circuit in favor of the plaintiff, and the judgment of the General Term affirming the same. should be affirmed.

All concur.

Judgment affirmed.