# CHARLESTON.

## C. L. & C. S. ARMENTROUT v. L. D. LAMBERT.

Submitted March 4, 1919.    Decided March 11, 1919.

1. COSTS—*Independent Action to Recover Costs.*
   The successful party in a suit cannot maintain a subsequent independent action to recover the costs of litigation incurred in the necessary prosecution or defense of such suit, where the same were not adjudged to him therein. (p. 571).

2. JUDGMENT—*Omitting Recovery for Costs—Res judicata.*
   All costs properly recoverable by a successful litigant must be recovered in the suit in which they are incurred; otherwise they are barred by the rule of *res adjudicata.* (p. 571).

Error to Circuit Court, Randolph County.

Action in assumpsit by C. L. and C. S. Armentrout against L. D. Lambert. Judgment for defendant, and plaintiffs bring error.    *Affirmed.*

*A. M. Cunningham* and *Neil Cunningham,* for plaintiff in error.

*J. W. Harman,* for defendant in error.

RITZ, JUDGE:

The original suit out of which this litigation grew began before a justice. The judgment of the justice was appealed to the circuit court of Randolph county, and from a judgment of that court a writ of error was prosecuted to this court, which resulted in the judgment of the circuit court being reversed and the cause remanded for a new trial. *Lambert* v. *Armentrout,* 65 W. Va. 375. After the case went back to the circuit court the defendants, Armentrouts, enjoined further proceeding in the action at law. This suit in equity was heard and resulted in a denial of the relief to

the plaintiffs therein, and in a recovery over in favor of the defendant therein, Lambert, for the amount involved in the law suit. Upon appeal from that decree to this court the same was affirmed insofar as it denied the plaintiffs relief, and was reversed so far as it decreed over in favor of Lambert; and further provided that the dismissal of the equity suit should be without prejudice to either party upon the trial of the action at law, which had been enjoined in said equity suit. *Armentrout* v. *Armentrout,* 70 W. Va. 661. In the meantime, an order had been entered in the action at law reciting that inasmuch as the matters in controversy therein had been determined by the decree entered in the above-mentiond equity suit, said law suit was dismissed satisfied. When the equity suit was disposed of, as above mentioned, Lambert, instead of re-opening the law suit which had been dismissed, brought a suit to recover upon his original claim. It appears that in the action at law originally brought before the justice, and which had been dismissed satisfied as aforesaid, each party had incurred considerable costs for the payment of which no provision was made in the order of dismissal. The amount of such costs incurred by the Armentrouts was $321.42. They, thereupon, brought this suit in assumpsit to recover from Lambert the costs incurred by them in the action at law, originally brought before the justice, and disposed of by the order of dismissal above mentioned. The declaration contained the common counts in assumpsit and two special counts setting up the facts as above shown. Upon a demurrer being interposed to said declaration, and to each count thereof, the court sustained the demurrer to the special counts, but overruled it as to the common counts, and entered an order of dismissal, which was construed on a former appeal as not being such a final judgment as would sustain a writ of error. *Armentrout* v. *Lambert,* 79 W. Va. 602. The writ of error was dismissed and the cause remanded to the circuit court of Randolph county, and the plaintiff then withdrew the common counts in his declaration, and, declining to amend upon leave given for that purpose, the demurrer to the special counts was sus-

tained, and judgment rendered in favor of the defendant, from which judgment this writ of error is prosecuted. ·

The sole question presented is, can this suit be maintained having for its purpose the recovery of costs incurred in former litigation, in which no judgment or order was made allowing the same? The allowance of costs depends entirely on statute. At common law they were unknown. By our statute the party prevailing in a suit recovers his costs in that suit. This recovery is part of the final judgment. The question presented here is, in case no recovery is taken in such suit for such costs, can an independent suit be maintained therefor? The recovery of costs becomes one of the matters involved in the litigation. While it is only incidental, still their recovery is as much involved in the suit as is the main controversy, and it is familiar doctrine that every question fairly arising in a case is adjudicated by the judgment in that case, and that no other or further suit will be permitted to recover on account of a matter which should have been settled therein. No reason is perceived why this doctrine does not apply to recoveries for costs, as well as to the recovery of any other matter of substance involved in the litigation. In 15 C. J., p. 298, it is held that in the absence of a special statute authorizing it costs cannot be recovered in an independent action, but are only recoverable in the cause in which they are incurred. In *Perlus* v. *Silver,* 71 Wash. 338, it was held that a successful litigant cannot maintain a subsequent action to recover from his losing adversary the costs and expenses of litigation, but must resort to the statutory right to have the items thereof taxed as costs in the first action, and this holding is based upon the ground that a recovery for costs is a matter involved in the litigation, and all questions in regard thereto are *res adjudicata.* In *Leslie* v. *Carter,* 268 Mo. 420, it is held that the successful plaintiff in a suit cannot maintain a subsequent independent action to recover the costs of litigation incurred in the necessary prosecution of that suit, the holding being that this question could only be determined in the suit in which the costs were incurred; that inasmuch as they were properly recoverable in that suit, a failure to obtain a recovery therein

would not justify the bringing of an independent suit therefor, but judgment rendered in that suit would be conclusive of all the matters which could be properly determined therein. In Massachusetts, in the case of *Knight* v. *Hurley*, 155 Mass. 486, it is held that an interlocutory order entered in a cause allowing costs on a motion, such as a motion for a continuance or other like proceeding, would not sustain an independent proceeding brought to recover such costs, but that they could only be recovered by proper process in the suit in which they were incurred. This conclusion is supported by the English cases of *Emerson* v. *Lashley*, 2 H. Bl., 248, 126 English Reprint, 533; *Fry* v. *Malcolm*, 4 Taunt. 706, 128 English Reprint, 508; and *Sheehy* v. *Assurance Co.*, 2 C. B. (N. S.) 211, 140 English Reprint, 395. Those cases have a very much stronger basis for recovery than the case presented here. In each of them, including the Massachusetts case, an interlocutory order was made allowing costs to a party to the suit, and the independent suit was brought upon the theory that such an interlocutory order was in effect a judgment in favor of the party claiming the benefit of it, but the court held that such was not the case, and denied the right to maintain the suit. We are clearly of the opinion that this suit cannot be maintained for the recovery of costs as such. If a final judgment had been rendered in the case in which was included a recovery for costs, then of course, a suit could be maintained thereon having such judgment for its basis in the same manner as a suit may be maintained upon any other final judgment, but no suit can be maintained to recover an item of costs which was properly recoverable in the suit in which it was incurred. The judgment in such suit is *res adjudicata.*

Finding no error in the judgment complained of the same is affirmed.

*Affirmed.*