FRED M. CRANE COMPANY, APPELLEE, V. DOUGLAS COUNTY ET AL., APPELLANTS.

FILED JULY 7, 1924. No. 23964.

1.  Taxation: INCREASE OF ASSESSMENT. A county board of equalization is without jurisdiction to raise the assessment of any person until it has first complied with the provisions of section 5972, Comp. St. 1922, which are pertinent to such proceedings.

2.  ———: VOID TAX: INJUNCTION. An injunction will lie to restrain the collection of a tax when the taxing officers acted without jurisdiction to make the assessment.

APPEAL from the district court for Douglas county: WILLIAM G. HASTINGS, JUDGE. *Affirmed.*

*Henry J. Beal, W. W. Slabaugh, Dana B. Van Dusen,* and *John F. Moriarty,* for appellants.

*Thomas B. Murray, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and THOMPSON, JJ.

MORRISSEY, C. J.

In this suit in equity plaintiff seeks to set aside an order of the Douglas county board of equalization which increased the valuation of plaintiff's property, and to perpetually enjoin the collection of so much of the tax as is based upon the increased valuation. The court granted the relief prayed, and the county has appealed.

Plaintiff is a corporation having its principal place of business in the city of Omaha and is engaged in engineering and construction work. In April, 1923, plaintiff filed with the county assessor of Douglas county what is alleged to be a full and complete schedule of its property. This schedule showed the corporation to have property of the net assessable value of $13,056.03. It was the duty of the county assessor to examine this schedule and refer it to the board of equalization, which was done. Soon thereafter plaintiff received a notice from the county assessor to appear and "explain shortage in your schedule for 1923." Plaintiff appeared before the board by Fred M. Crane, its president, and he explained the various items of the schedule, but received no intimation that any advance or increase in the schedule would be made or that such action was contemplated. July 10, 1923, plaintiff received notice that the board of equalization had increased the valuation of its assessable property to $133,109. At the time this notice was received the board had concluded its last session as a board of equalization and adjourned, and it was thus impossible for plaintiff to obtain a hearing on the increased valuation.

This appeal presents but two questions: First. Was the board of equalization acting within its jurisdiction when it increased the assessment on plaintiff's property? Second. Is a suit in equity the proper remedy?

Section 5972, subd. 4, Comp. St. 1922, provides: "In no case shall the assessment of any person be raised by the

board until such person or his agent shall be previously notified." In the instant case there was no notice given plaintiff by which he was apprised of what he was called upon to "explain," or that the board contemplated raising his assessment, nor was any complaint ever made as to plaintiff's assessment by any party. In *Brown v. Douglas County*, 98 Neb. 299, it is said: "A county board of equalization cannot raise the assessed valuation of the real estate of an individual taxpayer without a complaint and without notice to the person affected thereby." And the court held: "So much of the taxes as are levied upon the valuation above that fixed by the county assessor is void, and its collection may be enjoined." There is no basis for a different rule merely because the property assessed is personalty.

It follows that the tax complained of was imposed without authority of law, is, therefore, void, and its collection may be enjoined. *Rothwell v. Knox County*, 62 Neb. 50.

AFFIRMED.

Note—See Taxation, 37 Cyc. pp. 1098, 1263.