Farmers State Bank v. Aksamit.

---

FARMERS STATE BANK OF KRAMER, APPELLEE, V. VACLAV AKSAMIT, JR., APPELLANT.

FILED JULY 18, 1924.   No. 22858.

1.  **Banks and Banking: SIGHT DRAFT, WITH BILL OF LADING.** Where a bank receives a sight draft, with a bill of lading attached, and without specific instructions, such bank may do one of two things, namely, collect from the consignee the sum named in the sight draft and deliver it and the bill of lading to the consignee and transmit the proceeds to the forwarder of the sight draft; or, if payment is refused by the consignee, it is the bank's duty to return the sight draft and the bill of lading to the forwarder with notice that payment is refused.

2.  **Bills and Notes:** SIGHT DRAFTS: ACCEPTANCE. A consignee of a shipment of hay obtained possession of a sight draft and a bill of lading thereto attached from a bank to which the sight draft was sent for collection only, the consignee having first delivered his check to the receiving bank for the required amount. Within about an hour thereafter the consignee delivered the bill of lading to the agent of the carrier and stopped payment of his check on the ground that the hay was in a badly damaged condition. *Held*, that, having obtained possession of the instruments in question, and having delivered the bill of lading to the carrier, it became the consignee's legal duty to honor the sight draft which, by his acceptance, became a valid and subsisting obligation against him.

3.  **Damages:** DIRECTION OF VERDICT: ATTORNEY'S FEES. Ordinarily, in an action at law, and in the absence of statutory authority, it is error for the trial court in an instructed verdict to include therein an attorney fee against either party.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed in part, and reversed in part.*

*Bartos & Bartos,* for appellant.

*Robert R. Hastings, contra.*

Heard before LETTON, ROSE, DEAN, DAY, GOOD, and THOMPSON, JJ., and REDICK, District Judge.

DEAN, J.

Farmers State Bank of Kramer sued to recover from Vencl Aksamit and Vaclav Aksamit, Jr., $471.79 on account of a sight draft drawn against Vaclav Aksamit, Jr., for a car-load of alfalfa hay bought from Dewitt Grain Company of Lincoln and shipped to Kramer. Subsequently the action was dismissed as to Vencl Aksamit and the trial proceeded against Vaclav Aksamit, Jr., as sole defendant. When the shipment arrived at Kramer, defendant delivered his check in payment of the sight draft, written on the Bank of Wilber, to the order of the Kramer bank, but, on the same day, after obtaining .possession of the sight draft and the bill of lading, he stopped payment of the check

Farmers State Bank v. Aksamit.

on the ground that the hay was badly damaged and unfit
for feed.   Defendant having refused to accept the ship-
ment, it was sold for demurrage by the railroad company
a little more than 60 days after its arrival at Kramer.   The
plaintiff bank established the fact that, in an action begun
by the grain company in the district court for Lancaster
county, it was compelled to make good for the sum named
in the sight draft pursuant to a judgment rendered against
it in that behalf.   Hence, this action was brought to recover
the money which the plaintiff bank was compelled to pay
in satisfaction of the judgment.

When the evidence was submitted, the court, over de-
fendant's objection, sustained plaintiff's motion for an in-
structed verdict in the sum of $498.47 and costs.   Of this
sum $50 was for an attorney fee.   Judgment was thereupon
rendered in that sum, and defendant, contending that the
facts should have been submitted to the jury, and that the
court erred in allowing plaintiff an attorney fee, has
brought the record here to have it reviewed.

The sight draft was introduced in evidence by the plain-
tiff bank, its counsel having received it from defendant's
counsel the day before the trial.   It is indorsed:   "Refused
a/c wet and moldy hay."   The cashier made this explana-
tion in respect of the indorsement.   He testified that, early
in the forenoon of the day in which the sight draft and
bill of lading were delivered to defendant, and while de-
fendant was in the bank, Vencl Aksamit, the father of
defendant, came to the bank and said that he had just come
from the railroad yard and found that the car of hay was
wet and moldy and advised his son not to accept it; that
he, the cashier, at that time made the indorsement, which
is above noted, on the sight draft, in good faith and in the
belief that defendant did not intend to accept the ship-
ment, and that the indorsement was made solely because
of what defendant and his father said to him at the time
in respect of the damaged condition of the hay; that de-
fendant and his father then left the bank together, and in
about an hour defendant returned and said he would ac-

cept the hay and, leaving his check with the cashier for the required amount, the sight draft, with the indorsement unerased, and the bill of lading were both surrendered to defendant. Elsewhere in the record it appears that defendant, immediately after obtaining possession of the instruments in question, went to the depot and delivered the bill of lading to the railroad's agent and at the same time telephoned the Wilber bank to stop payment on the check. It was not denied that the sight draft was in defendant's continuous possession, or in possession of his counsel, until this action was tried.

True, defendant testified that, when he obtained possession of the sight draft and the bill of lading, the cashier told him to give the bill of lading to the depot agent. This was denied by the cashier. But, in view of all the facts, whether defendant was so informed by the cashier appears to be immaterial. Of course, if defendant intended to accept the shipment, he would ordinarily be required to surrender the bill of lading to the carrier's agent. And the fact that defendant took up the bill of lading and accepted and retained possession of the sight draft, until the present case was tried, completed and made binding his obligation in the premises.

Defendant, though a young man of 28, was not a novice in business affairs of this character. The record shows that in recent years he had purchased hay which was shipped to him in car-load lots on several occasions and must therefore have known the legal effect of delivering a bill of lading to the agent of the carrier and of taking up and keeping possession of an unpaid sight draft for more than three years.

In respect of recovery in this action, the court did not err in directing a verdict for plaintiff, except as to the allowance of an attorney fee, to which reference is hereinafter made. It is elementary that the bank's authority was limited in the premises. It could do one of two things: Either return the sight draft and the bill of lading to the forwarding bank, on the ground that payment was refused

by the consignee, or collect from the consignee the sum named in the sight draft and deliver it and the bill of lading to him and transmit the proceeds to the forwarding bank.   Having parted with possession of the sight draft and the bill of lading, and having failed to collect the sum named in the sight draft, the grain company, as hereinbefore noted, began an action on the draft and recovered judgment against plaintiff on the alleged ground of negligence.   But none of this excused defendant from performance of his legal duty to honor the sight draft which became a valid and subsisting obligation against him when he obtained it and the bill of lading from the plaintiff bank and retained possession of both instruments.

Much evidence was introduced in respect of the condition of the hay, and it was conclusively shown that, on arrival, it was in a badly damaged condition.   But, under the facts, defendant's redress for such damages did not lie against the bank.

As above noted, plaintiff recovered an attorney fee of $50 which was in addition to the amount recovered on the sight draft and was included in the judgment.   The allowance of this fee was evidently for services in defending the suit brought against the Kramer bank by the Dewitt Grain Company.   There is no warrant in law for the allowance of such fee.   It follows that, from the face of the judgment, this amount must be deducted.

The judgment of the district court is affirmed, except as to the attorney fee of $50, and in respect of this sum it is directed that it be deducted from the judgment.

The judgment is

AFFIRMED IN PART AND REVERSED IN PART.

Note—See Banks and Banking, 7 C. J. p. 613, sec. 274; Bills and Notes, 8 C. J. p. 320, sec. 491; Damages, 17 C. J. p. 807, sec. 133.