(No. 26717.—
AMANDA RITTER *et al.,* Appellees, *vs.* LOUIS G. RITTER, Appellant.

*Opinion filed January 19, 1943.*

550

KRAMER, CAMPBELL, COSTELLO & WIECHERT, for appellant.

ELMER C. WEIHL, PHILIP G. LISTEMAN, and JOSIAH WHITNEL, (WHITNEL, BROWNING, LISTEMAN & WALKER, of counsel,) for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Leave to appeal was granted in this case to review a judgment of the Appellate Court which affirmed a judgment entered in the circuit court of Monroe county. (313 Ill. App. 407.) The question for decision is as to the right of a plaintiff who is successful in a prior suit to recover

damages from the defendant in the former suit, the measure of which is for time expended, attorney fees and items paid out in prosecuting the prior litigation, the claim being exclusive of costs which may be taxed in the first action pursuant to statutory authorization.

It is alleged in the complaint in this case that plaintiffs-appellees are the widow and daughter of Joseph Ritter, deceased, and the sole beneficiaries in his estate, and that prior to his death Joseph Ritter entered into an agreement with the defendant Louis G. Ritter, a relative, to purchase certain real estate that was to be sold in a foreclosure sale; that pursuant to such agreement a certificate of purchase was issued to Joseph Ritter and Louis G. Ritter, as joint tenants; that two pieces of real estate were involved and it was agreed between the two Ritters that if there was no redemption from this certificate Joseph Ritter would take the property known as the "Nixon property" and defendant the property known as the "brick building;" that subsequent to the issuance of the certificate of purchase Joseph Ritter became critically ill and that during his fatal illness he asked defendant whether, in the event of his (Joseph Ritter's) death, his wife and daughter would have any difficulty in securing their part of the property purchased and that the defendant assured him that their agreement would be carried out; that subsequent to the death of Joseph Ritter, there being no redemption from the certificate, the defendant wrongfully, fraudulently and, with the intent to cheat and defraud the plaintiffs, procured a master's deed to be issued in his own name including both properties therein, and that as a result of the defendant's wrongful conduct it was necessary for the plaintiffs to start a chancery action against him to recover title to the Nixon property; that this litigation resulted in a decree in favor of plaintiffs; that the court found that defendant held title to the Nixon property as constructive trustee for the plaintiffs and ordered it conveyed to them; that as a

result of the defendant's wrongful conduct necessitating suit by plaintiffs to establish a constructive trust and recover their property, the plaintiffs were required to spend a large amount of time in conferences with their lawyers and in attending court, and to expend large sums of money for lawyers' fees, investigation charges and other expenses, wherefor damages were demanded. The trial court sustained defendant's motion to dismiss the complaint on the ground that it did not state a cause of action, but this judgment was reversed by the Appellate Court. (308 Ill. App. 337.) The cause was remanded and, after a hearing of evidence without a jury, judgment was entered in favor of plaintiffs for $2007 and costs, which amount represented the $2000 paid by plaintiffs as attorneys fees in the former suit, plus $7 expended by them for a transcript of testimony in that suit.

There is no principle of the common law that permits a successful litigant to recover from his losing adversary the costs and expenses of the litigation. At common law costs were never recoverable, nor was the successful plaintiff entitled to recover from the unsuccessful defendant his attorney fees or expenses of litigation as damages. See Bacon's Abridgment, Vol. 2, title Costs, page 33, where the author says: "There were no costs at common law; but if the plaintiff did not prevail he was *amerced pro falso clamore;* if he did prevail, then the defendant was in *misericordia* for his unjust detention of the plaintiff's right, and therefore was not punished with the *expensa litis* under that title." The first statute allowing costs to be assessed against an unsuccessful party was the statute of Glouchester, 6 Ed. I, c. 1.

The allowance and recovery of costs rests entirely upon statutory provisions and no liability for costs exists in the absence of statutory authorization. Any party to an action, claiming the right to recover costs from his adversary, must found his right upon some provision of a statute. This

has been the law in this State from the earliest time. (*Adams* v. *Payson,* 11 Ill. 26; *Chase* v. *De Wolf,* 69 id. 47; *Smith* v. *McLaughlin,* 77 id. 596; *Byers* v. *First Nat. Bank,* 85 id. 423; *Dixon* v. *People,* 168 id. 179; *Rieker* v. *City of Danville,* 204 id. 191; *Patterson* v. *Northern Trust Co.* 286 id. 564.) A court of chancery may be vested with a power to exercise a discretion in awarding costs but the power to act must come from a statute and the discretion must be confined to that which is authorized by legislative enactment. *Constant* v. *Matteson,* 22 Ill. 546; *Conwell* v. *McCowan,* 53 id. 363; *Hutchinson* v. *Hutchinson,* 152 id. 347; *Wilson* v. *Clayburgh,* 215 id. 506; *Metropolitan Life Ins. Co.* v. *Kinsley,* 269 id. 529; *Goudy* v. *Mayberry,* 272 id. 54.

The rule is also well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity. (*Constant* v. *Matteson, supra; Conwell* v. *McCowan, supra; Hutchinson* v. *Hutchinson, supra; Rasch* v. *Rasch,* 278 Ill. 261; *Kinane* v. *Fay,* 168 Atl. (N. J.) 724; *Weinhagen* v. *Hayes,* 190 N. W. (Wis.) 1002; *Day* v. *Woodworth,* 14 L. ed. 181.) Our statutes authorize the taxation of solicitor's fees as costs in partition cases but prior to the act authorizing it, the law was that they could not be so taxed. *Wilhite* v. *Pearce,* 47 Ill. 413; *Eimer* v. *Eimer,* id. 373; *Strawn* v. *Strawn,* 46 Ill. 412; *Campbell* v. *Campbell,* 63 id. 502.

It may be that the statutory costs awarded to a successful plaintiff are inadequate to compensate him for the injury caused by the defendant's wrongful conduct, but the question of the amount of costs which are to be allowed the successful party and the items of expense to be included therein is a question to be determined by the legislature

and not by the courts. *Smith* v. *Michigan Buggy Co.* 175 Ill. 619; *Potts* v. *Imlay,* 4 N. J. L. 330.

The plaintiffs argue that they are entitled to recover in a separate action because the wrongful conduct of the defendant caused them to engage in litigation with him to secure a return of their property and that as a proximate result of the defendant's wrongful conduct they were damaged to the extent of the loss of time, attorney fees and other expenses expended by them in the first litigation. This reasoning is based on the concept that the wrongful acts of the defendant created a liability over and above his liability in the original action, *i. e.,* a tort liability to pay the expenses of the plaintiffs in enforcing their rights in the first suit. The defendant had the right to resist their claim and if plaintiffs wished to establish their right it was necessary for them to resort to litigation. If, in the process of the procedure necessary to the establishment of plaintiffs' claim, they were compelled to employ the services of lawyers and incur other expenses it was but an incident attached to the asserting and enforcement of their right to have their property conveyed to them, and defendant's conduct in withholding the title until compelled by litigation to surrender does not constitute a breach of any duty he owed plaintiffs for which a separate action can be maintained.

Plaintiffs rely on cases which support the general rule that where the wrongful acts of a defendant involve the plaintiff in litigation with third parties or place him in such relation with others as to make it necessary to incur expense to protect his interest, the plaintiff can then recover damages against such wrongdoer, measured by the reasonable expenses of such litigation, including attorney fees. (*Philpot* v. *Taylor,* 75 Ill. 309; *McEwen* v. *Kerfoot,* 37 id. 530; *Himes* v. *Keighblingher,* 14 id. 469.) These cases are not in point and the situation is dissimilar. While it is recognized that where the natural and proximate consequences of a wrongful act have been to involve the plain-

tiff in litigation with others, there may be a recovery in damages against the author of such act, measured by the reasonable expenses incurred in such litigation, (*Choukas* v. *Severyns,* 99 Pac. (2d) 942, 3 Wash. (2d) 91,) yet the rule is equally well established that where an action based on the same wrongful act has been prosecuted by the plaintiff against the defendant to a successful issue, he can not in a subsequent action recover, as damages, his costs and expenses in the former action. 25 C. J. S. sec. 50, (c) p. 535; *Martin* v. *Prentice,* 94 N. Y. 295.

The policy of the rule is obvious. If the wrongful conduct of a defendant causing the plaintiff to sue him would give rise to an independent tort and a separate cause of action, there would be no end to the litigation, for immediately upon the entry of judgment the plaintiff would start another action against the defendant for his attorney fees and expenses incurred in obtaining the preceding judgment. The rule contended for by the plaintiffs could not be limited to cases of constructive trust, for in many other classes of suits the action is necessitated by the defendant's wrongful conduct. If the plaintiff is successful in the suit, the probability is that the conduct of the defendant causing the suit was wrongful. When a defendant breaches a lease, violates the terms of a contract, commits a tort, misrepresents goods sold, unlawfully retains the personal property of the plaintiff, or remains in possession of real estate after the expiration of his tenancy, necessitating proceedings, his conduct is wrongful and may require a suit against him by the plaintiff. Under our jurisprudence the defendant may present any defense to such an action that he may have or that he may deem expedient, and in so doing he will not be subjecting himself to a second suit by the plaintiff based on the wrongful conduct of the defendant in causing the plaintiff to sue him or in defending the action. The rule is the same even though the wrongful conduct of the defendant is willful, intentional, malicious or fraudulent. *Lovell* v. *House of Good*

*Shepherd,* 14 Wash. 211, 44 Pac. 253; *Henry* v. *Davis,* 123 Mass. 345; *Textile Leather Corp.* v. *American Mutual Liability Co.* 166 Atl. (N. J.) 214; *Perlus* v. *Silver,* 71 Wash. 338, 128 Pac. 661.

In some jurisdictions where an award of exemplary damages is authorized, the expenses and attorney fees may be considered in estimating the amount of damages, but these attorney fees are not allowed in addition to the sum assessed as exemplary damages, and recovery is never permitted in a separate action. *Atchison, Topeka and Sante Fe Railway Co.* v. *Stewart,* 55 Kan. 667, 41 Pac. 961; Sedgwick on Damages, (9 ed) vol. 1, p. 470.

In *Smith* v. *Michigan Buggy Co. supra,* we held that an action for the malicious prosecution of a civil suit without probable cause would not lie unless accompanied by the arrest of the person, the seizure of property or other special injury. It was there urged that when a civil suit is maliciously prosecuted without probable cause, the defendant undergoes expenses, pays attorney fees, and suffers injury from loss of time and often from loss of credit, and that for the wrongful suit by the plaintiff, resulting in injury to the defendant, the law should furnish a remedy, but in answering such contention it was said: "It must be remembered that the courts are open to every citizen; and every man has a right to come into a court of justice and claim what he deems to be his right without fear of being prosecuted for heavy damages. If such actions are allowed, it might often times happen that an honest suitor would be deterred from ascertaining his legal rights through fear of being obliged to defend a subsequent suit, charging him with malicious prosecution * * *. Such ordinary trouble and expense as arise from the ordinary forms of legal controversy should be endured by the law-abiding citizen as one of the inevitable burdens, which men must sustain under civil government." It is obvious that if the defendant in the *Smith case, supra,* could not maintain an action for damages which he had suffered by an unfounded

prosecution, the converse of the proposition would be true, that is, a plaintiff can not bring an action against a defendant who has made a groundless and causeless defense. Equal justice forbids treating one party to a suit more generously than the other.

We find no case in which a recovery such as the plaintiffs seek here has been allowed. The cases all confirm the rule that attorneys fees and expenses of litigation can not be recovered in a subsequent suit as damages by a successful plaintiff who has been forced into litigation by reason of the defendant's wrongful conduct. (*Stickney* v. *Goward,* 161 Minn. 457, 201 N. W. 630, 29 A. L. R. 1216; *Toop* v. *Palmer,* 108 Neb. 850, 189 N. W. 394; *Flanders* v. *Tweed,* 15 Wall, 450, 21 L. ed. 203; *Bull* v. *Keenan,* 100 Iowa, 144, 69 N. W. 433; *McGaw* v. *Acker M. & C. Co.* 111 Md. 153, 73 Atl. 731; *Baxter* v. *Brown,* 83 Kan. 302, 111 Pac. 430; *Van Horne* v. *Treadwell,* 164 *Cal.* 620, 130 Pac. 5; *Leslie* v. *Carter,* 268 Mo. 420, 187 S. W. 1196; *Armentrout* v. *Lambert,* 83 W. Va. 569, 98 S. E. 731; *Wagner* v. *Hatcher,* 137 Ky. 406, 125 S. W. 1063; *Harris* v. *Eldred,* 42 Vt. 39; *Osborn* v. *Moore,* 12 La. Ann. 714; *Kolka* v. *Jones,* 6 N. D. 461, 71 N. W. 558; *Storley* v. *Armour & Co.* 107 Fed. (2d) 499; *Stapley & Co.* v. *Rogers,* 25 Ariz. 308, 216 Pac. 1072; *Farmers State Bank of Kramer* v. *Aksamit,* 199 N. W. 733, 112 Neb. 365; *Sonker-Galamba Corp.* v. *Atchison, Topeka and Sante Fe Railroad Co.* 28 Fed. Supp. 456; *Corinth Bank & Trust Co.* v. *Security National Bank,* 252 S. W. 1001, 148 Tenn. 136; *Juel* v. *Kundert,* 192 N. W. 753, 46 S. D. 314; *McKay* v. *Wishert,* 152 S. W. 508 (Tex. Civ. Appeals); *Williams* v. *Morris,* 263 S. W. (Mo. App.) 859); *State ex rel. Stanley* v. *Lugen,* 93 Pac. (2d) 1002.) There being neither common law nor statutory authority for maintaining the cause of action in the instant case the judgments of the circuit and Appellate courts are reversed.

*Judgments reversed.*