Magdalena Barth and Simon Barth, Her Husband, Plaintiffs-Appellants, v. West Highland Savings and Loan Association, a Corporation, Defendant-Appellee.

Gen. No. 52,146.

First District.

August 5, 1968.

---

Hill and Hill, of Chicago (Richard Hill, Jr., of counsel), for appellants.

William B. Weidenaar, David W. Alspaugh, Ruff and Grotefeld, of Chicago, for appellee.

GOLDENHERSH, J.

Plaintiffs appeal from the judgment of The Municipal Court of Chicago, First Municipal District of the Circuit Court of Cook County, entered in favor of defendant after a nonjury trial in plaintiffs' suit to recover money which plaintiffs allege defendant improperly deducted from plaintiffs' joint account.

The record shows that on January 10, 1966, plaintiff, Magdalena Barth, filed suit for divorce from plaintiff, Simon Barth, and in her complaint joined defendant,

West Highland Savings and Loan Association, as a party defendant. On that same day a writ of injunction was issued restraining plaintiffs from withdrawing, and defendant from paying out, any money held on deposit in plaintiffs' account with defendant. Defendant answered, setting forth the amount on deposit in a joint account maintained by plaintiffs. Plaintiffs were later reconciled, and an order was entered by the Circuit Court of Cook County dismissing the suit for divorce, and dissolving the injunction.

Without notice to, or authorization from plaintiffs, defendant debited plaintiffs' account in the amount of $261 to reimburse itself for an attorney's fee in the amount of $250, and an appearance fee in the amount of $11 paid in connection with its appearance and answer in the divorce suit.

Plaintiffs contend that the trial court erred in that there is no basis, statutory or contractual, for the payment of defendant's attorney fees. Defendant does not contend that there is any contractual basis for its action, and relies upon sections 1–2, 1–10 (t), 4–16 and 4–17 (c 32, §§ 702, 710 (t), 776, and 777, Ill Rev Stats 1967) of the Illinois Savings and Loan Act as authority for its position.

█ █ In Ritter v. Ritter, 381 Ill 549, at page 552, 46 NE2d 41, the Supreme Court said, "The allowance and recovery of costs rests entirely upon statutory provisions and no liability for costs exists in the absence of statutory authorization. Any party to an action, claiming the right to recover costs from his adversary, must found his right upon some provision of a statute. This has been the law in this State from the earliest time. (Citing cases.) A court of chancery may be vested with a power to exercise a discretion in awarding costs but the power to act must come from a statute and the discretion must be confined to that which is authorized by legislative enactment. (Citing cases.)

■ "The rule is also well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity. (Citing cases.)"

Defendant argues that the stated policy of the Savings and Loan Act (§ 1–2) is the promotion of thrift, and to further the policy the Act must be liberally construed. It contends that the definition of "withdrawal value" of a capital account (§ 1–10(t)) contemplates and authorizes "other proper deductions" and "unpaid charges," the charges provided in section 4–16 do not purport to be all-inclusive, and since the Act does not specifically proscribe a debit for attorney's fees and costs, the amounts were properly debited to the account.

Defendant argues further that its situation is different from that presented in interpleader actions in that there is no question of who is entitled to the funds, and it does not stand in the position of mere stakeholder. Finally, it argues that the defendant is a mutual enterprise, and the savers who comprise its membership should not bear the burden of costs and expenses caused by the action of a member-saver, plaintiff, Magdalena Barth.

■ Defendant cites no decisions of the courts of Illinois or any other jurisdiction in support of its position. Assuming, arguendo, that the Savings and Loan Act is to be liberally construed, a construction which, in the face of the rule enunciated in Ritter v. Ritter, supra, would support defendant's position, requires a liberality beyond our contemplation. In the absence of specific statutory authority, we hold that the deduction from plaintiffs' account was improper, and the trial court erred in entering judgment in favor of defendant.

The judgment of the Municipal Court of Chicago, First Municipal District of the Circuit Court of Cook County, is

reversed and the cause remanded with directions to enter judgment in favor of plaintiffs, Magdalena Barth and Simon Barth, and against the defendant, West Highland Savings and Loan Association, in the amount of $261 together with interest from the date on which said debit was made, and for costs.

Judgment reversed and remanded with directions.

MORAN and EBERSPACHER, JJ., concur.