MILDA BUSSMAN *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. FRIEDA KRIZOE *et al.*, Defendants and Cross-Appellees (Anthony J. De-Laurent, Defendant-Appellant and Cross-Appellee).

Fifth District   No. 5—86—0688

Opinion filed February 16, 1988.—Rehearing denied April 5, 1988.

McGrady & McGrady, of Gillespie, for appellant.

Earl Louis Vuagniaux, P.C., of Edwardsville, for appellees.

JUSTICE WELCH delivered the opinion of the court:

This action comes before us on appeal and cross-appeal from a judgment entered on July 25, 1986, in Madison County, finding

defendants liable for damages in an action to set aside a series of quitclaim deeds, but denying plaintiffs' claim for attorney fees, advances, and interest. Specifically, appeal was initiated by only one defendant, Anthony DeLaurent (hereinafter appellant), while cross-appeal was initiated by all plaintiffs (hereinafter cross-appellants).

On March 3, 1969, defendant George Hanei initiated a scheme whereby he fraudulently obtained a quitclaim deed conveying a 160-acre farm owned by Katie Roessel. Also involved in the scheme were Leo Sobberi, Sr., and Gloria Hanei. For her part of the scheme, Gloria Hanei used the alias "Frieda Krizoe." Appellant, Anthony DeLaurent, was not part of the scheme, but was named as a defendant because he, in his capacity as a notary public, certified an acknowledgment attached to one of the deeds. The scheme involved three successive quitclaim deeds: one dated March 3, 1969, from Katie Roessel to Frieda Krizoe; one dated January 7, 1972, from Frieda Krizoe to Leo Sobberi, Sr.; and one dated January 7, 1972, from Leo Sobberi to George Hanei. These deeds were set aside in May of 1977 in an action initiated by the heirs of Katie Roessel to obtain possession of the farm as testamentary beneficiaries of the estate of Katie Roessel. On March 10, 1986, the trial court entered an order finding liability and directing briefing as to damages. On July 25, 1986, the court entered a judgment assessing damages against appellant DeLaurent, George Hanei, and Gloria Hanei, jointly and severally, in the amount of $49,408.22. Leo Sobberi, Sr., had been dismissed voluntarily, prior to judgment, due to insolvency.

Appellant's implication in this action grew out of his certification of the acknowledgment attached to the second deed in the above scheme. In January of 1972, appellant was approached by defendants George Hanei and Leo Sobberi, Sr., who requested that appellant acknowledge the deed from Frieda Krizoe to Leo Sobberi, Sr. In performing his duties as a notary public, appellant failed to adhere to the statutory requirements then in effect regarding the taking of acknowledgments. (Ill. Rev. Stat. 1969, ch. 30, par. 23.) According to this statute, a notary is authorized to certify an acknowledgment only when "[t]he person offering to make such acknowledgment shall be personally known to him to be the real person who and in whose name such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness." Appellant erred when he completed a certification stating that Frieda Krizoe was personally known to him when, in actuality, Frieda Krizoe's identity was proved by a credible witness. By completing a certification indicating that Frieda Krizoe was personally known to him, appellant committed ac-

tionable negligence. *Hoffman v. Schroeder* (1962), 38 Ill. App. 2d 20, 32, 186 N.E.2d 381, 387.

The record indicates that Leo Sobberi, Sr., and George Hanei came to appellant and identified Gloria Hanei as Frieda Krizoe and requested that appellant notarize a deed from Frieda Krizoe. At that time, appellant had no knowledge of the fraudulent scheme, had known Leo Sobberi, Sr., for more than 40 years, and had no reason to doubt his credibility; therefore, appellant could have complied with statutory requirements by completing the certification with the name of Leo Sobberi, Sr., as the witness identifying the person offering to make the acknowledgment. Notwithstanding these circumstances, cross-appellants argue that appellant's failure to comply with statutory requirements was a proximate cause of their being deprived of possession of the farm, as well as their expenses incurred in quieting title and making necessary improvements on the farm. We do not agree.

■ In order for cross-appellants to recover, the appellant's negligence must have proximately caused, or contributed to cause, cross-appellants' injuries, rather than merely causing a condition providing an opportunity for other causal agencies to act. (*Moudy v. New York, Chicago & St. Louis R.R. Co.* (1944), 385 Ill. 446, 453-54, 53 N.E.2d 406, 409; *Young v. Texas Eastern Transmission Corp.* (1985), 137 Ill. App. 3d 35, 39, 484 N.E.2d 325, 327.) Cross-appellants urge that George Hanei's scheme could not have been completed if appellant had complied with statutory requirements in certifying the acknowledgment from Frieda Krizoe. Cross-appellants have not offered any evidence showing, and we do not believe, that the result would have been any different had appellant completed the certification in accordance with the statute. Had the appellant executed the certification of acknowledgment according to statute (Ill. Rev. Stat. 1969, ch. 30, par. 23), which requires the inclusion of the name of the credible witness, along with the proof given, the fraud would not have been frustrated. We find appellant's technical error was not a proximate cause in the present case and hereby reverse the judgment of the trial court. Accordingly, we find it unnecessary to discuss remaining issues presented by appellant. The judgment of the trial court remains unaffected as to defendants Gloria Hanei and George Hanei.

■ We turn now to the issues raised by cross-appellants, which will be discussed only in regard to the remaining defendants: Gloria Hanei and George Hanei. Cross-appellants contend that attorney fees and expenses should have been included in cross-appellant's award. Illinois follows the common law rule that in order to recover attorney

fees, the party claiming such reimbursement must show a clear statutory basis supporting the award. (*Kadlec v. Department of Public Aid* (1987), 155 Ill. App. 3d 384, 387-88, 508 N.E.2d 342, 345.) In *Kadlec*, the court relied on *Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41, wherein the supreme court stated:

> "The rule is also well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity." (381 Ill. at 553.)

Cross-appellants contend that the attorney fees and expenses in the instant case were ordinary and natural consequences of the wrongful acts of the defendants, and, therefore, recovery is permissible. The cross-appellants present no statutory or contractual authority upon which recovery may be premised. Instead, they rely on several cases in which the court found it appropriate to allow recovery of attorney fees and expenses by application of the following third-party suit exception to the general rule above: where the wrongful acts of one party involve a second party in litigation with a third party, or place the second party in a position making it necessary for him to incur expenses in protecting his interests, that party can recover as damages the reasonable expenses, including attorney fees, of such litigation. (*Ritter v. Ritter* (1943), 381 Ill. 549, 554, 46 N.E.2d 41, 44; *Bartsch v. Gordon N. Plumb, Inc.* (1985), 138 Ill. App. 3d 188, 204-05, 485 N.E.2d 1105, 1117.) This exception is restricted to situations in which: (1) the party seeking fees was forced to preserve property rights in real estate due to the wrongful acts of another, and thereby incurred litigation expenses against a third party; and (2) the conduct complained of was wilful, wanton, malicious, oppressive, or at least of an active tortious nature. (*Bartsch*, 138 Ill. App. 3d at 205.) This exception is not applicable in the present case because it is a direct action against tortfeasors, and does not involve a third party. As stated in *Ritter*, "Such ordinary trouble and expense as arise from the ordinary forms of legal controversy should be endured by the law-abiding citizen as one of the inevitable burdens which men must sustain under civil government." (*Ritter*, 381 Ill. at 556.) Accordingly, the trial court acted properly in denying cross-appellants' claim for attorney fees and advances.

■ Finally, cross-appellants contend that prejudgment interest should be included in their recovery. In their brief, cross-appellants describe the act of taking someone else's farm as vexatious and un-

reasonable, thereby bringing recovery of interest within the scope of cases such as *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12, and *Geohegan v. Union Elevated R.R. Co.* (1915), 266 Ill. 482, 107 N.E. 786. We find no merit in the application of such cases in the present case. In *Geohegan*, the court used "unreasonable and vexatious" in reference to a delay in payment of damages. (266 Ill. at 494, 107 N.E. at 792.) The *Geohegan* court also clarified that "[m]ere delay of payment or the defense of a suit does not authorize a recovery of interest. The delay of payment must be both unreasonable and vexatious and have arisen from the fault of the debtor." (266 Ill. at 494, 107 N.E. at 792.) Similarly, in *Finley*, the court concluded that the allowance of interest on past-due periodic support payments is not mandatory, but lies within the sound discretion of the trial judge. (*Finley*, 81 Ill. 2d at 332, 410 N.E.2d at 19.) While the cases upon which cross-appellants rely involved delay in payments previously awarded, in the instant case, cross-appellants urge us to apply the "unreasonable and vexatious" terminology to the taking of property rightfully theirs, thereby allowing them to recover interest from the time the property was taken. Cross-appellants assert that prejudgment interest is fair and equitable in this case because defendants' actions caused cross-appellants' damages and at no time did any defendant come forward to correct the wrong or mitigate losses. We do not agree that defendants' actions were of the unreasonable and vexatious nature affording prejudgment interest and conclude that the trial court's denial of prejudgment interest was not an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed in part and reversed in part.

Affirmed in part, reversed in part.

LEWIS and CALVO, JJ., concur.