**SANCO PIECE DYE WORKS, Inc., v. HERRICK, Regional Director for the Second Region.**

District Court, S. D. New York.

April 8, 1940.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (A. V. Cherbonnier, of New York City, of counsel), for plaintiff.

A. Norman Somers, of Washington, D. C. (Robert B. Watts, Malcolm F. Halliday, both of Washington, D. C., and Alan F. Pehl, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

The plaintiff is moving for an order enjoining the defendant pendente lite from proceeding with a hearing. The defendant, by a cross-motion, moves to dismiss the complaint.

I will consider the latter motion first. The defendant is a Regional Director, designated by the National Labor Relations Board for the Second Region. Certain charges were preferred against the plaintiff and one William H. Larkin, regarding alleged violations of Section 8, subds. 1, 2, 3, and 5 of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. This proceeding, without the consent of the plaintiff, was consolidated with another hearing involving the Capitol Piece Dye Works.

The chief grievances against the action of the Regional Director are that such a consolidation is prejudicial to the plaintiff; that there is no connection or relationship between the plaintiff and Larkin or the Capitol Piece Dye Works; that the plaintiff is being harassed; that such action is arbitrary and that the plaintiff will be put through unnecessary expenses and loss.

The relief sought is a permanent injunction restraining the defendant from holding the hearing in consolidated form or in conjunction with any one unrelated

to the plaintiff. An application for temporary injunction is also made due to the fact that a hearing in such consolidated form is set for April 11th, 1940.

Congress, by the passing of the National Labor Relations Act, has designed a forum for the hearing and determination of labor disputes with appropriate remedies for appeals to the Circuit Court of Appeals. Congress has not vested in the federal courts concurrent jurisdiction over such matters. The jurisdiction of the Labor Board is exclusive. It is only when all administrative remedies are exhausted can there be resort to the federal courts. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

At bar, the claim is made that the administrative remedies have been exhausted. Nothing has been done by the plaintiff except to register a protest with the Regional Director against holding a hearing in consolidated form. It is clear to me that the plaintiff may urge the same grounds as here before the trial examiner; the plaintiff does not become subject to any fine or penalty until after a hearing before a trial examiner designated by the National Labor Relations Board; that several intermediate steps such as the filing of a report, findings, a final decision by the Board requiring the plaintiff to cease and desist and end its unfair labor practices as found and finally, an application to the Circuit Court of Appeals by the Board to enforce its orders. The rights of the plaintiff are obviously protected and if the consolidation is found to be prejudicial, it can be remedied there. In any event, a resort by the plaintiff to the courts is premature.

The plaintiff's contention that this court has jurisdiction to restrain the Regional Director from ordering a consolidated hearing is contrary to a host of decisions which have construed the National Labor Relations Act. This court would, in effect, become a monitor over the National Labor Relations Board and its personnel. Thus, any act, however trivial, but unsatisfactory to the litigant appearing before the Board, would result in a proceeding in the federal court to restrain such action. This result was never intended by Congress, and I have decided to dismiss the complaint for lack of jurisdiction. Other objections are raised by the defendants such as the indispensability of the National Labor Relations Board as a party defendant, but I find it unnecessary to consider them.

The complaint is dismisssed and the motion for temporary relief necessarily fails.