HENRY KAUFMAN, as President of District No. 15, International Association of Machinists, an Unincorporated Association, Plaintiff, *v.* M. T. DAVIDSON COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, November 26, 1947.

*John F. Butler* and *Bernard H. Fitzpatrick* for William C. Newell, defendant.

*Jerome Y. Sturm* and *Abraham Fishbein* for plaintiff.

EDER, J.  This is a motion by the defendant Newell for judgment on the pleadings dismissing, as to him, the third and fourth causes of action alleged in the complaint.  The motion is granted.

Plaintiff brings this action as president of District No. 15, International Association of Machinists, an unincorporated association, as plaintiff, against M. T. Davidson Company and William C. Newell (movant), as defendants.

A proceeding was instituted before the War Labor Board concerning the union's claim for wage increases based on an upward reclassification of the defendants' employees.  Certain proceedings were thereafter had and ultimately divers directives were issued by the board on October 19, 1944, awarding new job classifications and higher rate ranges to the employees, retroactive as of November 2, 1943.  The defendant company petitioned for reconsideration of this directive order, but it was denied.  A further review was applied for, and same was denied by the National War Labor Board on May 23, 1945.  No final order appears to have thereafter been made, and as appears from the record presented, only the directives were issued.

The plaintiff claims that by reason of the divers proceedings before the boards and the upward reclassifications of employees in view of the new rate ranges involved, the defendant company owes the employees approximately $75,000 over and above the wages that have actually been paid to them.

The defendant Newell is the president of the corporate defendant and, it is alleged, acted and was in sole and complete charge on its behalf of all matters set forth in the complaint and has full knowledge thereof.

The complaint contains four causes of action. The first, second and fourth causes of action are against the corporate defendant; the third and fourth causes of action involve the movant Newell. The first cause of action seeks to recover from the corporate defendant said sum of $75,000 alleged to be due to the employees by reason of said reclassification. The second cause of action seeks to recover the said sum as the reasonable value of the employees' services, over and above the amount actually paid to them as wages.

Upon this motion we are not concerned with these causes of action, but only with the third and fourth causes of action relating to the moving defendant Newell.

The third cause of action charges that the defendant Newell maliciously and willfully prevented the corporate defendant from complying with the directives, and in the fourth cause of action both defendant Newell and the corporate defendants are charged with a conspiracy, the design and purpose of which was to flout and refuse to comply with the directives and to refuse to obey them, and thereby wear down the plaintiff union and said employees and thereby cause the employees to lose faith in the value and practical effectiveness of the union as the protector of their interests, to the plaintiff's damage in the sum of $75,000.

The answer of defendant Newell denies the material allegations of the complaint, and as to the third and fourth causes of action he pleads that this court is without jurisdiction of the subject matter thereof and that the facts alleged therein do not state a claim upon which relief can be granted. I am in accord with these contentions.

It appears, firstly, that no final order was ever made, but that only directives were issued: A directive is not a final determination and confers no rights which can be enforced in a court of law (*Employers Group of Motor Freight Carriers* v. *National War Labor Board,* 143 F. 2d 145).

Secondly, assuming, *arguendo,* the directives to come within the category of " final " order, plaintiff is without standing to take any steps because of noncompliance therewith. The National Labor Relations Board is vested with exclusive jurisdiction to take proceedings to enforce and compel compliance with its final orders by application to the Circuit Court of Appeals of the United States or .a Federal District Court (National Labor Relations Act, § 10, subds. [a], [c], [e]; U. S. Code, tit. 29, § 160, subds. [a], [c], [e]; *Employers Group* case, *supra*; *Baltimore Transit Co.* v. *Flynn,* 50 F. Supp. 382; *May Department Stores Co.* v. *Brown,* 60 F. Supp. 735). Therefore, the plaintiff may not maintain the third cause of action. To permit it to do so is to enable it to accomplish by this action enforcement of the directives or orders of the board by a private suit, whereas such action may only be taken by the board itself. Further, if the plaintiff had any cause for complaint for failure to comply with the directives, application should have been made to the board for redress (*Sanco Piece Dye Works, Inc.,* v. *Herrick,* 33 F. Supp. 80).

The third cause of action, as I view it, is not maintainable and is, accordingly, dismissed.

As to the fourth cause of action, i.e., conspiracy: The unlawful object was to flout and refuse to comply with the directives of the board by refusing to pay moneys due to the employees thereunder and by needlessly protracting the proceedings before the board. This is matter relating to the enforcement of directives of the board, and any remedy, therefore, must be invoked by the board, as mentioned, and it alone has exclusive jurisdiction to take steps or action to compel compliance, as prescribed by the statute.

The alleged injurious effect upon the union in causing its members to lose their faith in its value and effectiveness as the protector of their interests, alleged to be the result of the refusal of the employer to comply with the board's directives and by reason of the alleged needless protraction of the proceedings before it, is merely a remote cause and incident growing out of the controversy before the board. The law does not regard an injury from a remote cause and denies an allowance of damages for injuries remotely consequent upon the wrong (15 Am. Jur., Damages, § 19). Such damages are not the necessary and legitimate result of the wrongful acts charged (*Marvin* v. *Prentice,* 94 N. Y. 295, 301), and in an action for damages for conspiracy, damages not proximately caused by the unlawful conspiracy are

not recoverable (*United Electric Coal Companies* v. *Rice*, 22 F. Supp. 221, 226).

Moreover, it was not an actionable wrong for the defendants to bitterly litigate before the board, or to protract the proceedings before it, or to decline compliance with its directives. In the ordinary lawsuit, this would not constitute an actionable wrong, and, in the legal principle, I discern no difference merely because the controversy is before an administrative body instead of before a judicial tribunal.

If as an incident and outgrowth thereof the union lost the confidence of its members in its value and effectiveness as the protector of their interests, no right of action for damages therefor exists. No case has been cited by plaintiff to support such a right of action and my independent research has not disclosed any.

The fourth cause of action is, accordingly, dismissed. Settle order.