Mid-West National Bank of Lake Forest, Plaintiff, *v.* James L. Metcoff *et al.,* Defendants.—(Elaine R. Biel *et al.,* Counterplaintiffs-Appellants, *v.* Mid-West National Bank of Lake Forest *et al.,* Counterdefendants-Appellees.)

(No. 73-140;

Second District—November 21, 1974.

George Brode, of Chicago, and Max Lidschin, of Waukegan, both for appellants.

Semmelman & Fouts, of Lake Forest, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from an order which limited the satisfaction of a lien to 50% of the proceeds of the judicial sale of real estate and which denied allowance of attorney's fees.

On June 20, 1969, a judgment in the sum of $43,731.75 (later reduced by credits to $35,731.75) was rendered in the Circuit Court of Cook County in favor of defendants-counterplaintiffs-appellants Elaine R. Biel and George Brode (hereinafter Biel and Brode) against James Metcoff and Eleanor Metcoff.

The Metcoffs were the purchasers under contract of a Deerfield residence which, on December 24, 1969, was conveyed from the seller (Deerfield Savings and Loan Association, not a party to the instant litigation) to the Union National Bank and Trust Company of Joliet as Trustee (hereinafter Union Bank as Trustee) under Trust No. 893. The beneficial interest in the trust was vested solely in Eleanor Metcoff. The Metcoffs effected the transfer by execution of a $42,000 promissory note and a security assignment to the plaintiff-counterdefendant-appellee, Mid-West National Bank of Lake Forest (hereinafter Mid-West). On January 12, 1970, Mid-West recorded its interest at the Lake County

Recorder's Office. Mid-West delayed for over 2 years in filing a financing statement with the Secretary of State.

On October 18, 1971, the Circuit Court of Cook County rendered a decree in a citation proceeding instituted on June 23, 1970 by Biel and Brode against the Metcoffs, Mid-West and the Union Bank as Trustee. This decree directed the conveyance of all the estate and interest of James and Eleanor Metcoff in Land Trust No. 893 to their judgment creditors, Biel and Brode.

On August 18, 1971, the instant foreclosure proceeding was brought in Lake County by Mid-West as mortgagee naming as defendants James Metcoff and his wife Eleanor Metcoff, their judgment creditors Biel and Brode and the Union Bank as Trustee. The complaint alleged, *inter alia*, default by the Metcoffs by their failure to make payments on the indebtedness. Biel and Brode filed a counterclaim alleging, *inter alia*, that they were prior judgment creditors of the Metcoffs and praying that upon sale of the foreclosed property, their judgment be fully satisfied as a prior lien out of the proceeds of sale. Summary judgment was granted on the counterclaim and on December 21, 1971, a foreclosure decree was entered ordering the sale but the court reserved its ruling as to the priority of liens of Mid-West and Biel and Brode.

The Metcoffs appealed and on February 22, 1972, this court approved an appeal bond of $10,000, stayed the cause and suspended the enforcement of the receivership subject to conditions imposed by this court's own motion. On April 6 this court dismissed the appeal, vacated the stay and the suspended enforcement of the circuit court orders, and ordered the bond to be distributed as follows:

"* * * $6,155.00 toward all taxes, $3,888.50 for past due monthly payments to Mid-West National Bank of Lake Forest, Illinois; $195.00 for waste committed by failure to insure the property; and the balance remaining of the proceeds of the bond, if any, to the Clerk of the Circuit Court to be applied by the Circuit Court to costs, including the expense of attorney's fees, incurred by the receiver-appellee, Kurt D. Nauta; the defendants-counterplaintiffs-appellees, Elain R. Biel and George Brode, and the plaintiff-appellee, Mid-West National Bank of Lake Forest, Illinois."

On April 28, upon motion for filing the mandate of the appellate court, the trial court entered an order directing the receiver to apply the proceeds of the bond to pay certain taxes and for insurance, but ordered the remainder deposited with the clerk of court to await further order of the court.

On August 1, the trial court rendered its findings on the reserved

matter of priority of liens. It found, *inter alia,* that the transfer of the interest of James Metcoff in the real estate to a trust making his wife sole beneficiary was a fraud on the creditors in which Mid-West is chargeable with at least notice, if not complicity; that Mid-West delayed over 2 years in filing a financing statement with the Secretary of State; that James Metcoff had only a 50% interest in the proceeds of sale; that taking all factors into consideration the equities are with Biel and Brode; and that Biel and Brode could enforce their lien against James Metcoff's 50% interest.

On September 5th, Brode and Lidschin and Pucin, attorneys for Biel and Brode, filed a petition for $4200 in attorney's fees and $49 in costs, limited to the matters of the Metcoff's prior appeal and the bond forfeiture proceedings.

Biel and Brode filed a motion for reconsideration of the August 1 order which restricted satisfaction of their lien to 50% of the proceeds of sale. On January 18, 1973, the trial court affirmed its prior holding and ordered $24,331.22 paid to Biel and Brode and $17,641.76 paid to Mid-West as to its lien on Eleanor Metcoff's interest in the proceeds. The court also denied the petition for attorney's fees and costs, and denied the motion of Mid-West for payment of $3888.50 from the bond forfeiture as arrearages on the mortgage.

Biel and Brode appeal from this order, alleging error in (1) restricting satisfaction of their lien to 50% of the proceeds of sale, and (2) denying the allowance of attorney's fees and costs incurred in the Metcoff appeal and in the matter of the bond forfeiture.

■■■ Mid-West contends that it was error for the trial court in Lake County to (1) deny its motion to declare the October 18, 1971, citation decree void as to Mid-West; (2) find that Biel and Brode were entitled to priority over Mid-West in the satisfaction of their lien; and (3) deny Mid-West an award of $3,888.50 from the bond forfeiture as arrearages pursuant to this court's order. Mid-West prays that the judgment below be reversed and modified and the cause remanded with instructions consistent with its views of the case. We are not, however, at liberty to reverse or modify the judgment below at the urging of the appellee since, in the instant case, the appellee Mid-West has failed to file a cross-appeal. We agree with appellant's contention that in the absence of a cross-appeal, the matters urged by appellee are not properly before the reviewing court and thus are not subject to review on this appeal. (See Ill. Rev. Stat. 1969, ch. 110A, par. 303(b).) The requirement that appellee file a cross-appeal in order to assert reversal or modification of the judgment below is mandatory. Having failed to cross-appeal, this court lacks jurisdiction to consider Mid-West's attack on the judgment of the

trial court. *People ex rel. Southfield Apartment Co. v. Jarecki* (1951), 408 Ill. 266, 96 N.E.2d 569; *Bryant v. Lakeside Galleries, Inc.* (1949), 402 Ill. 466, 84 N.E.2d 412; *Case International Co. v. American National Bank & Trust Co.* (1974), 18 Ill.App.3d 297, 309 N.E.2d 750.

We next consider whether it was error to limit satisfaction of the lien of Biel and Brode to 50% of the proceeds of sale of the foreclosed real estate. As indicated above, the court below divided the interest of James and Eleanor Metcoff in the real estate, and found that Biel and Brode could satisfy their lien out of James Metcoff's 50% of the proceeds and ordered the payment of $17,641.76 to Mid-West as to its lien on Eleanor Metcoff's interest in the proceeds. In their counterclaim in the foreclosure proceedings, Biel and Brode alleged the existence of a debt reduced to judgment against *both* James Metcoff and his wife, Eleanor Metcoff. In the foreclosure order of June 20, 1972, and the later amending order of July 5, 1972, the court found that the existence of this judgment had been proved. The Cook County citation judgment, which directed the conveyance of all the estate and interest of Eleanor Metcoff in the land trust to their judgment creditors, Biel and Brode, was introduced into evidence in the foreclosure proceedings. In the first hearing on the foreclosure and on subsequent occasions, the court indicated its cognizance of the fact that both James and Eleanor Metcoff were judgment debtors to Biel and Brode. Notwithstanding this, the court in its order determining priorities separated the interest of the Metcoffs and allowed Biel and Brode to satisfy their lien against only James Metcoff's interest. In so doing, the court erred.

In *Levine v. Pascal* (1968), 94 Ill.App.2d 43, 236 N.E.2d 425, it was held that a creditor who proceeds by a citation to discover assets is a lien creditor as defined in section 9—301(3) of the Uniform Commercial Code (Ill. Rev. Stat. 1969, ch. 26, par. 9—301(3)) and that such creditor has a superior right to the beneficial interest in a land trust over a creditor who was assigned a beneficial interest in the trust as security for a loan but who failed to file a financing statement covering that interest. In *Levine,* the court stated:

> "As well as procuring a writ of execution, plaintiff initiated citation proceedings under section 73 of our Civil Practice Act. Having the status of judgment creditor, this remedy was available to plaintiff and sufficient to establish his claim to the beneficial interest of Land Trust No. 15222. Clearly, plaintiff became a lien creditor as defined in section 9—301(3) of the Commercial Code when the writ of execution was placed in the hands of the sheriff. [Citations.] While it may be doubtful whether the plaintiff could effectively enforce his lien by means of the writ of ex-

ecution, there is no doubt that he could do so through citation proceedings." 94 Ill.App.2d 43, 54-55, 236 N.E.2d 425, 430.

Mid-West admits that this case would apply to the instant facts but for the fact that the citation court, in the bank's view, did not have jurisdiction over the bank for failure to comply with Supreme Court Rule 277(d) (Ill. Rev. Stat. 1969, ch. 110A, par. 277(d)). Since the issue of the citation court's jurisdiction over the bank is not properly before this court, due to the failure of Mid-West to cross-appeal, we accept as unchallenged the findings of the citation court that it had jurisdiction over the bank. By availing themselves of the remedy of citation proceedings, the judgment creditors had established their claim to the beneficial interest in land trust No. 893 to the fullest extent of their judgment.

■■ Mid-West failed to perfect its interest in the trust so as to entitle it to priority over Biel and Brode since it delayed for over 2 years in filing a financing statement with the Secretary of State as required under the then applicable section 9—302 of the Comercial Code. (Ill. Rev. Stat. 1969, ch. 26, par. 9—302.) While it is true that the presently applicable section 9—302(1)(c) (Ill. Rev. Stat. 1973, ch. 26, par. 9—302 (1)(c)) omits the perfection by filing requirement on a security interest created by an assignment of the beneficial interest in a trust, including an Illinois land trust, the transition provisions of article 11 make clear that this change in perfection requirements are to no avail to Mid-West as against the earlier lien creditors, Biel and Brode. See Ill. Rev. Stat. 1973, ch. 26, par. 11—104.

Furthermore, the principle of res judicata bars reconsideration of the matters litigated and passed upon by the Cook County citation court. Thus, the fact that Biel and Brode were entitled to recover $35,365 plus interest and costs from both James Metcoff and Eleanor Metcoff and that the Metcoffs had been ordered to convey their interest in land trust No. 893 to Biel and Brode must have been conclusively determined when introduced in the Lake County foreclosure court. *Katz v. Berkos* (1942), 316 Ill.App. 569, 45 N.E.2d 566.

■■ On June 20 and July 5, 1972, the court found that Biel and Brode had proved the existence of a debt, earlier reduced to judgment, from James and Eleanor Metcoff to Biel and Brode in the amount of $42,162 inclusive of interest. Since the court erred in limiting satisfaction of the Biel and Brode lien to $24,331, the judgment below is reversed and modified and the cause remanded with instructions that judgment be entered in favor of Biel and Brode in the amount of $41,792, representing the judgment of $24,331, together with the additional amount due

of $17,461 for 100% satisfaction of their prior lien.[1] In addition, in view of the trial court's findings that the priorities are with Biel and Brode to satisfy their judgment from the sums remaining with the clerk of court after payment of costs, and of the complicity or notice of fraud of Mid-West in the creation of the trust, it also follows that the court erred in awarding Mid-West the $17,641 ostensibly out of the 50% of the proceeds of sale attributed to Eleanor Metcoff. On remand, the court should determine the extent to which Mid-West is entitled to the proceeds of sale remaining in the hands of the clerk of court.

The final issue to be resolved is whether the court erred in denying attorney's fees and costs to George Brode and Lidschin and Pucin, counsel for appellants. The mandate of this court, on which the claim for fees is in part based, has been set out above. The claim for fees, accompanied by a schedule of time which was made without objection as to reasonableness, was limited to the matters of the Metcoff's appeal to this court, the bond forfeiture, and the Metcoff's attempt to gain relief by writs of mandamus and prohibition in the Illinois Supreme Court. In denying fees, the court below relied upon the case of *Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41.

Appellants cite only that portion of the appellate court order herein distributing the appeal bond which purports to allow fees to counsel for appellants and disregards the context in which the "award" is made. It is clear, however, that the order of this court, when read in full, made no provision for an award of fees to the counsel for appellants. The order allowed fees to be paid to Biel and Brode only *if*, after the specific distributions had been made, any proceeds of the bond remained available. Had the order of this court been complied with, it is clear that no sums would have been available with which to pay fees to Biel and Brode. The mandate of this court is the law of the case and the trial court was under a duty to comply with it and strictly follow its direction. (*People ex rel. McLaren v. DeBoice* (1941), 377 Ill. 634, 37 N.E.2d 337; *Podbielniak v. Podbielniak* (1965), 60 Ill.App.2d 357, 208 N.E.2d 625.) As stated by the Illinois Supreme Court in *Thomas v. Durchslag* (1951), 410 Ill. 363, 365, 102 N.E.2d 114, and reaffirmed in *House of Vision, Inc. v. Hiyane* (1969), 42 Ill.2d 45, 245 N.E.2d 468, 470:

---

[1] The difference between the finding of the court that Biel and Brode had proved that they were judgment creditors of the Metcoffs in the sum of $42,162 (inclusive of interest) and the above total of $41,792 is explained by virtue of the fact that the court further ordered the payment of $370 to Elaine Biel in satisfaction of her separate judgment against Eleanor Metcoff. Biel and Brode contend that they are entitled only to the additional $17,461 amount for 100% satisfaction of their prior lien.

" 'Where, as here, the directions of a reviewing court are specific, a positive duty devolves upon the court to which the cause is remanded to enter an order or decree in accordance with the directions contained in the mandate. Precise and unambiguous directions in a mandate must be obeyed.' "

Since full compliance with the order of this court would not entitle the attorneys for Biel and Brode to an award of fees, it is obvious that they cannot successfully base their claim for fees on the failure to comply with this court's mandate.

■■ Attorneys for Biel and Brode also contend that case law supports their position for fees. In *Ritter v. Ritter, supra,* the court stated the general rule regarding the award of attorneys fees in Illinois as follows:

"The rule is also well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity. [Citations.]" (381 Ill. 549, 553, 46 N.E.2d 41, 43; see also *House of Vision, Inc. v. Hiyane, supra.*)

Appellants seek to distinguish *Ritter* by citing *Ross v. 311 North Central Avenue Building Corp.* (1970), 130 Ill.App.2d 336, 264 N.E.2d 406. In *Ross,* the court affirmed an award of attorneys fees and costs "according to equitable principles," to minority shareholders who had maintained a class action against their corporation and directors for fraud. Appellants contend that the common fund concept employed in *Ross, i.e.,* that courts of equity have the authority to allow attorneys' fees and costs to a party who has, at his own expense, maintained a successful suit for the protection or increase of a common fund, is applicable to the instant case. We disagree.

■■ The premise upon which the decision in *Ross* is based—that there exist equitable principles which authorize an award of attorneys' fees in the absence of statute or contract—is of doubtful validity. This is due to the apparent conflict in Illinois as to whether there are any "equitable principles" upon which attorneys fees may be awarded in the absence of statute or contract. (*Compare Lee v. Retirement Board* (1964), 31 Ill.2d 252, 201 N.E.2d 361, 363, *with Trustees of Schools v. Schroeder* (1972), 8 Ill.App.3d 122, 289 N.E.2d 247, 252, and *House of Vision, Inc. v. Hiyane, supra.*) Since *Ross* is, in our opinion, factually distinguishable from the instant case, we need not decide this apparent conflict. *Ross* involved a suit in which the plaintiff minority shareholders prosecuted the suit on behalf of the defendant corporation and in which all shareholders of the defendant corporation, including the defendant directors,

would benefit. In the instant suit, attorneys for Biel and Brode only incidentally benefited Mid-West by defending the Metcoffs' appeal and they primarily sought to preserve their own lien interest. This is not a case in which attorneys for Biel and Brode sought to preserve or maintain a common fund. In addition, we believe that the record belies appellant's contention that counsel for Biel and Brode "single-handedly" resisted the appeals and collected the proceeds of the forfeited bond. We, therefore, conclude that it was not error for the court to deny attorney's fees to the counsel for Biel and Brode.

That portion of the judgment below which restricted satisfaction of the appellant's lien to 50% of the proceeds of sale of the foreclosed property is reversed and remanded with instructions that judgment be entered in favor of Biel and Brode in the sum of $41,792. That portion of the judgment below which denied attorney's fees and costs is affirmed. On remand, the court below is also instructed to dispose of the funds remaining available in this cause so as to comply with the April 6, 1972, order of this court, and the balance, if any, in a manner not inconsistent with this opinion.

Affirmed in part; reversed in part, and remanded with instructions.

T. MORAN, P. J., and SEIDENFELD, J., concur.

