ALBERT F. BUCCIERI, JR., Plaintiff-Appellant, *v.* WAYNE TOWNSHIP *et al.*, Defendants-Appellees.

Second District   No. 82—198

Opinion filed December 30, 1982.

Victor F. Ciardelli, Ltd., of Chicago, for appellant.

Walter P. Maksym, Jr., of Botti, Marinaccio, Wilkinson & Maksym, Ltd., of Oak Brook, and James F. Campion, of Wheaton, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Du Page County dismissing his complaint for judicial review of an administrative decision of Wayne Township officials. That decision resulted in the discharge of plaintiff from his employment as supervisor of operations for the Wayne Township Highway Department. The trial court, in addition to dismissing plaintiff's complaint, granted leave for the substitution of counsel for defendant John Ryvold.

■ The counsel for all defendants except John Ryvold (formerly for all defendants) challenges before this court the trial court's order granting leave for the appearance of Ryvold's current counsel. Because a cross-appeal has not been filed, we do not consider this challenge. An appellee who has not prosecuted a cross-appeal cannot

properly seek to modify a portion of the trial court's order or to secure affirmative relief (*Frisch Contracting Service Corp. v. Northern Illinois Gas Co.* (1981), 93 Ill. App. 3d 799, 417 N.E.2d 1070; *De Phillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 291 N.E.2d 329), and this court lacks jurisdiction to consider such an attack on the order below (*Mid-West National Bank v. Metcoff* (1974), 23 Ill. App. 3d 607, 319 N.E.2d 336).

■ Plaintiff's sole contention on appeal is that the trial court erred in dismissing his complaint for judicial review of administrative findings and decision that resulted in plaintiff's dismissal. Plaintiff argues that the complaint should not have been dismissed because it sufficiently stated a cause of action for judicial review under the Administrative Review Act (hereinafter Act) (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*). Although defendants advance various reasons why the complaint fails under the Act, a discussion of just one requirement of the Act disposes of plaintiff's argument.

Section 2 of the Act (Ill. Rev. Stat. 1979, ch. 110, par. 265) provided that "[t]his Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act." It is well settled that the Act is applicable *only* under the circumstance section 2 provides for. (*Wilkins v. Department of Public Aid* (1972), 51 Ill. 2d 88; *Sullivan v. Board of Fire & Police Commissioners* (1981), 103 Ill. App. 3d 167, 430 N.E.2d 636.) An examination of the acts pertaining to townships (Ill. Rev. Stat. 1979, ch. 139) and of the article pertaining to the administration of township and district roads in the Illinois Highway Code (Ill. Rev. Stat. 1979, ch. 121, pars. 6–101 *et seq.*) reveals no express adoption of the Act for review of administrative decisions regarding the employment and discharge of township highway employees or any other township employee. Since there is no express adoption of the Act relevant to plaintiff's cause of action, the Act can not be applied here. Plaintiff's argument that his complaint sufficiently states a cause of action for judicial review under the Act fails.

■ However, our inquiry into the propriety of the trial court's dismissal of plaintiff's complaint does not end with our finding that the Act does not apply here. The Illinois Supreme Court has held that a complaint for judicial review of an administrative decision, even though erroneously argued to be sufficient under the Act, may be sufficient to warrant treatment as a common law writ of *certiorari*. (*Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115; *Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11.) There

are no longer substantial differences between common law and statutory *certiorari.* (*Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529; *Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11.) In light of this, we shall view plaintiff's complaint as an attempt to state a cause of action for common law *certiorari,* despite plaintiff's failure before either the trial court or this court to argue that basis for the sufficiency of his complaint.

Plaintiff's complaint alleges certain "findings and decision" by defendants as specified in exhibits incorporated and attached to the complaint. The exhibits consist of copies of letters between the parties and of a "Personnel Record File" informing plaintiff of the termination of his employment by defendant Highway Commissioner John Ryvold. It is apparent from the allegations of the complaint, including the incorporated exhibits, and from the prayer for reinstatement that the "decision" of which plaintiff seeks review is the termination of his employment.

■ It is clear that an administrative decision is subject to judicial review under the Act only if it "affects the legal rights, duties or privileges" of the plaintiffs. (Ill. Rev. Stat. 1979, ch. 110, par. 264; *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588; *O'Hare International Bank v. Zoning Board of Appeals* (1972), 8 Ill. App. 3d 764, 291 N.E.2d 349.) Thus a person seeking review has the burden of alleging and proving that he or she has the right to maintain the suit because his rights are adversely affected by the administrative decision. (*O'Hare International Bank v. Zoning Board of Appeals* (1972), 8 Ill. App. 3d 764, 291 N.E.2d 349.) In view of the substantial identity of statutory review under the Act and common law *certiorari* (*Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529; *Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11), we conclude that plaintiff here must also allege that the decision for which he seeks review has affected his legal rights, duties, or privileges in order to sustain his complaint as a petition for writ of *certiorari.*

Paragraph 10 of the complaint reads as follows:

"10. The Defendant Board committed errors in not notifying the plaintiff of the hearing on the charges and specifications and failed to observe the substantive rules of evidence and said errors materially affected the rights guaranteed the plaintiff by the Constitution of the United States and the Constitution of the State of Illinois."

Plaintiff makes no further allegations elaborating upon which of his constitutional rights were materially affected or by whom they were affected. In light of our statutory mandate to construe pleadings liber-

ally (Ill. Rev. Stat. 1979, ch. 110, par. 33(3)), we read plaintiff's complaint to allege deprivation of his procedural due process rights by the Wayne Township Board of Trustees through the termination of his public employment after a hearing without notice and without adherence to the rule of evidence.

■ Even with this liberal construction, however, the complaint is inadequate. A public employee who seeks review of his discharge must allege facts showing a property interest in his employment which is encompassed by due process protection. (See *Powell v. Jones* (1973), 56 Ill. 2d 70; *Sullivan v. Board of Fire & Police Commissioners* (1981), 103 Ill. App. 3d 167, 430 N.E.2d 636.) To have a protectable property interest in public employment, a person clearly must have more than an abstract need or desire for it; he must have a legitimate claim of entitlement to it. (*Sullivan v. Board of Fire & Police Commissioners* (1981), 103 Ill. App. 3d 167, 171, 430 N.E.2d 636, 639.) While every public employee does not have a right to continued employment, a public employee can have such a right dependent upon the surrounding circumstances including existing rules and understandings. (*Powell v. Jones* (1973), 56 Ill. 2d 70, 79.) Here, plaintiff has not alleged facts showing a property interest in his continued employment nor even alleged conclusorily that he has such a property interest. We also note that plaintiff has cited no authority in his argument for the proposition that a property interest may be found to exist in his employment as a supervisor of operations for an Illinois township highway department, and we are unable to find such authority.

Moreover, we find a fatal inconsistency within the allegations of the complaint. The incorporated exhibits make it clear that plaintiff was discharged solely by the actions of defendant Highway Commissioner John Ryvold. However, the body of the complaint alleges violations of plaintiff's legal rights only by "Defendant Board." The office of township highway commissioner is an elected one functioning separately as a distinct entity from the township board of trustees. (Ill. Rev. Stat. 1979, ch. 121, pars. 6—112, 6—201 through 6—201.17; see *Western Sand & Gravel Co. v. Town of Cornwall* (1954), 2 Ill. 2d 560.) In short, the complaint alleges facts showing the challenged administrative decision by one defendant while alleging deprivation of his constitutional rights only by the conduct of a different defendant.

Because plaintiff has failed to allege a property interest protected by due process guarantees and because his complaint does not present a consistent theory for the cause of action, we hold that plaintiff's complaint does not state a cause of action for common law *certiorari*.

Accordingly, we affirm the order of the circuit court of Du Page County dismissing the complaint.

Affirmed.

UNVERZAGT and NASH, JJ., concur.