KICKAPOO INVESTMENT, INC., *et al.*, Plaintiffs-Appellants, v. NEIL HARTIGAN, Attorney General, *et al.*, Defendants-Appellees.

Fourth District No. 4—86—0368

Opinion filed March 26, 1987.

Mary Lee Leahy and Cheryl Redfield Jansen, both of Leahy & Leahy, of Springfield, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Charles S. Watson, Assistant Attorney General, of counsel), for appellee Neil F. Hartigan.

Donald M. Cadagin, State's Attorney, of Springfield (Elizabeth L. Collins, Assistant State's Attorney, of counsel), for appellee William Roberts.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiffs, Kickapoo Investment, Inc. (Kickapoo), William Paul

Dooley, and Herman L. Dammerman, challenged the constitutionality of section 1 of "An Act relating to county officers and their employees, relatives, and representatives in connection with real estate tax forfeitures and foreclosures" (Act) (Ill. Rev. Stat. 1985, ch. 102, par. 4.1), which bars county officials and their employees and certain of their relatives from participating in county tax sales. Plaintiffs Dammerman and Dooley appeal the circuit court's determination that the statute is constitutional. We reverse.

Kickapoo is an Illinois corporation of which plaintiffs Dooley and Dammerman are the principal shareholders. Kickapoo's principal business is buying delinquent taxes at sales held by various Illinois counties. Plaintiff Dammerman is the duly elected treasurer of Logan County, Illinois, while plaintiff Dooley is Dammerman's son-in-law.

Plaintiffs sought to enjoin enforcement of the Act as it applied to them and obtain a declaratory judgment that the Act was unconstitutional. Although a number of constitutional claims were raised in the complaint, only the special legislation, equal protection, and due process claims are pursued on appeal. Because we conclude the Act violates equal protection guarantees, we address only that issue.

Defendant Hartigan filed a motion to dismiss the counts brought solely by Kickapoo on the grounds that Kickapoo, as a corporation, did not fall within the prohibitions of the Act. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—619.) After considering the parties' briefs and hearing argument, the circuit court dismissed the counts brought by Kickapoo and determined, on the merits, that the challenged amendments to section 1 were constitutional.

Section 1 of the Act, as amended effective January 1, 1986, provides:

> "*No county officer, and* no person employed by, or who is an employee [*sic*] *or relative* or representative of, any county officer in the State of Illinois, while in office or holding office or while in such office or employment, shall have, possess or acquire any pecuniary interest, directly, indirectly or beneficially, or by any derivative process, in any real estate tax forfeiture or foreclosure in this State, other than the fee provided by law for the official duties of any such county officer in such proceedings. *For purposes of this Section, 'relative' shall be defined as a spouse or child, or the spouse of a child, including a child by adoption.*" (Emphasis denotes amendment.) Ill. Rev. Stat. 1985, ch. 102, par. 4.1.

The plaintiffs essentially argue the legislative attempt to classify those who may participate in real estate tax sales is arbitrary. Thus,

plaintiffs continue, the amended law violates equal protection by prohibiting a certain class of persons from participating in tax sales because the classification is not rationally related to promoting legitimate State interest. Although the plaintiffs concede the State may have an interest in protecting the integrity of tax sales, they argue the Act presumes impropriety based upon a status which is defined so broadly it has no reasonable relationship to the interests allegedly served by the statute.

The State responds by noting four legitimate interests which it claims are furthered by the statute in question: (1) preserving fair competition in the tax-buying business; (2) generating the highest possible revenue from tax sales; (3) preventing favoritism which might affect county government operations; (4) increasing public confidence in county government by avoiding even the appearance of impropriety. The State argues amended section 1 is rationally related to advancing these interests.

In general, a law which unreasonably discriminates against or fails to protect a certain class violates equal protection guarantees. (*People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 414 N.E.2d 731.) The courts will presume the legislature has acted conscientiously and will not interfere with a legislative classification unless it is clearly unreasonable. (*People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.* (1986), 114 Ill. 2d 252, 500 N.E.2d 34.) Nevertheless, when no substantial and reasonable distinction exists between those included in and those excluded from a classification, the court must invalidate the statute. (*Lee v. City of Chicago* (1964), 31 Ill. 2d 252, 201 N.E.2d 361.) Courts will give less deference to classifications based upon status than to classifications based upon activity. *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum* (1986), 114 Ill. 2d 252, 500 N.E.2d 34.

Assuming *arguendo* the State has propounded legitimate purposes for the statute at issue, we nevertheless conclude the Act violates equal protection because the classifications it creates do not rationally relate to promoting those State interests. The Act prohibits certain activities based upon one's status as a county officer, relative of an officer, or an employee of an officer. By the terms of the Act, a part-time custodian in the Massac County courthouse is prohibited from participating in Jo Daviess County's tax sales. Such a sweeping classification bears no relationship to protecting the integrity, or perceived integrity, of real estate tax sales in Illinois. The classification simply goes too far.

A properly drawn statute might limit activities of county officers

and certain of their relatives and employees. However, the category of persons precluded from buying at tax sales must be limited to those reasonably viewed as having access to information which might put them at an unfair advantage in buying delinquent taxes. Such limitations might be geographical, such as prohibiting transactions in the officer's home county and neighboring counties. A statute might also be valid if limited in its reach to officers, relatives, and employees with legitimate access to nonpublic information.

The Act in question violates equal protection guarantees, and does not pass constitutional muster. Accordingly, we reverse the judgment of the Sangamon County circuit court.

Reversed.

GREEN and LUND, JJ., concur.