DISTRICT 925, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, Petitioner-Appellant and Cross-Appellee, v. THE ILLINOIS STATE LABOR RELATIONS BOARD, Respondent-Appellee and Cross-Appellee (The Township of Worth, Respondent-Appellee and Cross-Appellant).

First District (5th Division)   No. 87—0911

Opinion filed April 15, 1988.

Asher, Pavalon, Gittler & Greenfield, Ltd., of Chicago (Stephen B. Rubin and Anne Wells Clark, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Ann Plunkett-Sheldon, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois State Labor Relations Board.

Odelson & Sterk, Ltd., of Evergreen Park (Burton S. Odelson and Jean Roche, of counsel), for respondent Township of Worth.

JUSTICE MURRAY delivered the opinion of the court:

This case involves cross-appeals by the petitioner, District 925, Service Employers International Union, AFL-CIO (Union), and re-

spondent, Township of Worth (Township), from a February 26, 1987, decision of the respondent, Illinois State Labor Relations Board (Board). The decision of the Board involved the firing of Colleen McLaughlin, an ex-employee of the Township for alleged unlawful labor practices.

The appeal comes directly to this court, bypassing the circuit court of Cook County by reason of the provisions of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48, par. 1601 *et seq.*). The Act authorizes a direct review to this court. (Ill. Rev. Stat. 1985, ch. 48, par. 1611(e).)

The facts underlying the case disclose that it arose from a dispute over the firing of Colleen McLaughlin (McLaughlin) as an administrative assistant to a duly elected clerk of the Township of Worth. Evidence in the record suggests that McLaughlin was discharged either for political reasons, for cause, or for her labor union activities. In any event, on or about February 1986, McLaughlin was fired from her position as an employee of the Township of Worth clerk's office. On February 21, 1986, the plaintiff Union filed a charge with the State of Illinois State Labor Relations Board alleging that the Township had engaged in unfair labor practices within the meaning of section 10 of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48, par. 1610). The matter was assigned to a hearing officer. On December 16, 1986, the hearing officer entered his order containing detailed findings of fact and conclusions of law. Among the conclusions of law are the following:

> (1) That the Township violated the Illinois Public Labor Relations Law by discharging McLaughlin because of her labor union activities;

> (2) that the appropriate remedy for the violations of the Illinois Labor Relations Law were the reinstatement of McLaughlin with back pay, interest at 6%, and no loss of seniority or benefits;

> (3) that the appropriate remedy for that and labor law violations as to other employees was a cease and desist order and posting of notices; and

> (4) that the Township, highway district and general assistance office are not separate units of local government and, because together they employ more than 35 public employees, the defendant Board had jurisdiction to hear the matter.

Based on these and other conclusions, the hearing officer ordered, among other things:

> (1) That the Township offer immediate reinstatement of

McLaughlin without prejudice to her seniority right and make "her whole" for any loss she suffered by her termination;

(2) cease and desist its unfair labor practices; and

(3) post notices relating to its unfair labor activity.

The Township filed exceptions to the recommended decision.

On February 26, 1987, the Board filed its decision affirming the hearing officer's conclusions as to jurisdiction and findings of unfair labor practices, but the Board concluded that the "make whole" remedy for McLaughlin was not appropriate based on the facts of the case.

The Union appealed the Board's decision and the Township filed a cross-appeal. The Union seeks a reversal of the Board's order relating to the denial of the ordered rehiring of McLaughlin, giving her back pay and retaining all her benefits (the "make whole" remedy).

The Township seeks a reversal on the grounds of jurisdiction and the findings and order relating to jurisdiction, and if the Board had jurisdiction, the Township argues that the conclusion of the Board that the Township was guilty of unfair labor practices is erroneous. The Attorney General on behalf of the Board seeks an affirmance of the Board's action in its totality.

■ The threshold question is jurisdiction. If the Board had no jurisdiction, this court must reverse the Board's final order regardless of its merit or lack of merit. As a matter of fact, the Township need not have even exhausted its administrative remedy to raise the question of the Board's subject matter jurisdiction. *Reiter v. Neilis* (1984), 125 Ill. App. 3d 774, 466 N.E.2d 696.

■ We conclude that the Board did not have jurisdiction and therefore must reverse the Board without meeting the issues of unfair labor practices and/or propriety or impropriety of the "make whole" remedy.

Section 20(b) of the Act exempts from its provisions units of local government employing 35 public employees, as follows:

"This Act shall not be applicable to *units of local government* employing less than 35 employees, except with respect to bargaining units in existence on the effective date of this Act." (Ill. Rev. Stat. 1985, ch. 48, par. 1620.)

There is no question that a bargaining unit comprising the Township was not in existence on the effective date of the labor act.

The Act does not define what a "unit of local government" is. The hearing officer and defendant Board concluded that the Township, highway district and general assistance office are not separate units of local government and, because together they employ more

than 35 public employees, the Board did have jurisdiction in the matter.

The Board may or may not be correct that the Township and the general assistance office are a single governmental unit. They are in error as to the highway district. The highway district and the Township are separate and distinct governmental units.

The Illinois Constitution of 1970, not the State legislature, the judiciary or administrative agency, defines "units of local government." The Constitution states:

" 'Units of local government' means counties, municipalities, townships, special districts, and units, designated as units of local government by law, which exercise limited governmental powers or powers in respect to limited government subjects, but does not include school districts." Ill. Const. 1970, art. VII, §1.

■ The Board concluded that the highway district, general assistance office and Township were a single unit of local government because of monetary and other controls by the Township. That is not the test. The Constitution has a two-prong test: (1) an adequate statutory designation; and (2) the exercise of limited governmental powers. Ill. Const. of 1970, art. VII, §1.

■ Based on this definition and case law, the Worth highway district and the Township of Worth are two separate and distinct governmental units. The Township highway district has a statutory designation created under the Illinois Highway Code and performs governmental duties relating to the roads and bridges within the Township. Ill. Rev. Stat. 1985, ch. 121, par. 1—101 et seq.

Prior to the 1970 Constitution, the Illinois Supreme Court held that a township was a separate and distinct municipal corporation from a highway district and had no power over the roads in its township. Western Sand & Gravel Co. v. Town of Cornwall (1954), 2 Ill. 2d 560, 566, 119 N.E.2d 261.

The Constitution of 1970 did not change this concept. An employee of a township highway commission was held not to be an employee of the township so as to entitle an employee to an administrative review from a dismissal action of the township. (Buccieri v. Wayne Township (1982), 111 Ill. App. 3d 396, 400, 442 N.E.2d 249.) The court in that later case based its conclusion on the concept that "[t]he office of township highway commissioner is an elected one[,] functioning separately as a district entity from the township." Buccieri v. Wayne Township (1982), 111 Ill. App. 3d 396, 400, 444 N.E.2d 249.

To lump the employees of a township highway department in with the Township on the concept that it is a "single unit" of local government employing with the Township and the public aid commissioner 35 employees is contrary to the Illinois constitutional definition and cited case law.

Accordingly, we must reverse the decision of the Board on the basis that it had no jurisdiction over the matter and not reach the other issues tendered by the appeal.

Reversed.

SULLIVAN and PINCHAM, JJ., concur.